THE STATE OF OHIO, APPELLEE, *v.* KING, APPELLANT.

(No. C-810887—Decided October 20, 1982.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Paul J. Gorman,* city prosecutor, and *Mr. Rodney Prince,* for appellee.

*Ms. Barbara K. Barden,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

Defendant-appellant, Charles King, appeals from a judgment finding him guilty of carrying a concealed weapon.

On September 18, 1981, a Cincinnati police officer responded to a radio dispatch reporting that defendant was standing on a specified Cincinnati street corner carrying a straight razor. The officer proceeded to the address, saw defendant, conducted a pat-down search of him, and found a folded straight razor in his coat pocket. Defendant was immediately arrested, charged, and ultimately convicted of carrying a concealed weapon in violation of R.C. 2923.12. He was sentenced as appears of record.

Defendant brings two separately styled assignments of error on this appeal. We find that our disposition of the first assignment negates discussion of the

second. The first assignment of error is that the judgment appealed from was made against the manifest weight of the evidence. We agree.

R.C. 2923.12(A) provides:

"No person shall knowingly carry or have, concealed on his person or concealed ready at hand, any deadly weapon or dangerous ordnance."

Defendant agrees that he knowingly concealed the razor in his coat pocket. The sole issue is whether the evidence supports the conclusion that the razor was a "deadly weapon." A "deadly weapon," in this context, means: (1) an instrument capable of inflicting death *and* either, (2) designed or specially adapted for use as a weapon, *or* (3) possessed, carried, or used as a weapon. *State* v. *Sears* (Feb. 27, 1980), Hamilton App. No. C-790156, unreported.

There is no evidence in the record before this court that the razor found on defendant was designed or specially adapted for use as a weapon, nor is there evidence that it was used as such. Viewing the evidence adduced in the light most favorable to the state, it is clear that the conviction rests upon *mere possession* of an ordinary straight razor. We decline to write a rule of law that would make mere possession of this otherwise lawful article illegal. We are unable to find support for the instant conviction in the record as presented to us.

We wish to emphasize that we are not granting license to individuals to carry concealed straight razors as weapons with impunity. We only hold that convictions for such offenses must be supported by proof sufficient to meet the "deadly weapon" test set forth in *Sears, supra.* The assignment of error is affirmed.

The assignment of error having been ruled upon, it is the decision of this court that the judgment appealed from be, and hereby is, reversed and the defendant hereby discharged.

*Judgment reversed.*

KEEFE, P.J., DOAN and KLUSMEIER, JJ., concur.