THE STATE OF OHIO, APPELLEE, *v.* CARTER, APPELLANT.

[Cite as State *v.* Carter (1983), 3 Ohio St. 3d 15.]

(No. 82-692—Decided February 16, 1983.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Leonard Kirschner* and *Mr. R. Daniel Reif,* for appellee.

*Mr. H. Fred Hoefle* and *Mr. Eric Hagerstrand,* for appellant.

MAHONEY, J. The principal issue in this case is whether carrying a concealed weapon is a non-probationable offense pursuant to R.C. 2951.02(F)(3) when the weapon is a firearm.

Appellant argues that R.C. 2951.02(F)(3) is ambiguous and that it therefore must be construed strictly against the state and liberally in favor of the accused. R.C. 2901.04(A). He states that the General Assembly used the word "armed" rather than "in possession of" to connote more than mere possession. He suggests it means possession with intent to use it. He further urges we adopt the statement of the appellate court in *Columbus* v. *Bee, supra,* at page 74, that:

"* * * The obvious intent of the legislature in enacting * * * [R.C. Section 2951.02(F)(3)] was to deter the use of deadly weapons in the commission of offenses and to impose a greater penalty when weapons are used * * *."

However, this court fails to see any ambiguity in the statute. This court held many years ago in *Slingluff* v. *Weaver* (1902), 66 Ohio St. 621, paragraph two of the syllabus:

"But the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation. The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact. That body should be held to mean what it has plainly expressed, and hence no room is left for construction."

This principle has been followed recently by this court in *Bernardini* v. *Bd. of Edn.* (1979), 58 Ohio St. 2d 1 [12 O.O.3d 1]; *Felske* v. *Daugherty* (1980), 64 Ohio St. 2d 89 [18 O.O.3d 313]; and *Bryant* v. *Dayton Casket Co.* (1982), 69 Ohio St. 2d 367 [23 O.O.3d 341].

The word "armed" must be accorded its usual and ordinary meaning. That meaning according to Webster's Third New International Dictionary (unabridged) is: "furnished with weapons of offense or defense: FORTIFIED, EQUIPPED." (Emphasis added.) Thus, as in this statute, it can only mean someone who is "in possession of a firearm." The fact that its ap-

plication to the offense of carrying a concealed weapon gives rise to a somewhat disconcerting tautologous result does not make it ambiguous. If the General Assembly considers the result an anomaly, it can readily amend the statute in question. It is not for us to judicially legislate.

We, therefore, hold that a person convicted of carrying a concealed weapon by virtue of having a firearm concealed on his person shall not be placed on probation.

Appellant alternatively contends that he has been denied equal protection of the laws in that persons convicted of carrying concealed firearms have been placed on probation in other counties. There is no way that the state can guarantee that judges in every jurisdiction will apply the law the same way in every situation. In *Ohio, ex rel. Bryant,* v. *Akron Metropolitan Park District* (1930), 281 U.S. 74, the United States Supreme Court stated, at page 81:

"* * * The State has a wide discretion in respect to establishing its systems of courts and distributing their jurisdiction. It has been held by this court that the equal protection clause * * * is not violated * * * if all persons within * * * the respective jurisdictions of the state Courts have an equal right in like cases under like circumstances to resort to them for redress. * * * It is thus well established that there is no requirement of the Federal Constitution that the State shall adopt a unifying method of appeals which will insure to all litigants within the State the same decisions on particular questions which may arise."

The vehicle to assure equal application of the laws by the trial courts are our courts of appeals established under Section 3, Article IV of the Ohio Constitution. To resolve conflicts between courts of appeals we turn to Section 3(B)(4) of that article which provides certification to this court. We find that the appellant has not been denied equal protection of the laws.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN and SWEENEY, JJ., concur.

HOLMES, C. BROWN and DAHLING, JJ., dissent.

MAHONEY, J., of the Ninth Appellate District, sitting for LOCHER, J.

DAHLING, J., of the Eleventh Appellate District, sitting by assignment.

HOLMES, J., dissenting. As I disagree with the majority's conclusion that R.C. 2951.02(F)(3) is unambiguous, I dissent.

If the General Assembly wanted to preclude probation for weapons offenses, it would have prohibited granting probation to offenders who possess weapons. Instead, the General Assembly chose to impose incarceration upon those who commit offenses while "armed."

I fully concur with the reasoning in *Columbus* v. *Bee* (1979), 67 Ohio App. 2d 65, 74 [21 O.O.3d 41], where the court said:

"* * * The obvious intent of the legislature in enacting * * * [R.C. 2951.02(F)(3)] was to deter the use of deadly weapons in the commission of offenses and to impose a greater penalty when weapons are used * * *." See, also, Swisher, Problems in the Criminal Code — CCW Probation (1974), 47 Ohio Bar 425 (author concludes that 2951.02[F][3] does not apply to weapons offenses).

Accordingly, I would hold that the offense of carrying a concealed weapon is probationable. The judgment of the court of appeals should be reversed and the cause remanded to determine the appellant's eligibility for probation.

C. BROWN and DAHLING, JJ., concur in the foregoing dissenting opinion.