THE STATE OF OHIO, APPELLEE, *v.* MALONEY, APPELLANT.

(No. CA83-06-052—Decided January 30, 1984.)

*Mr. Greg Chapman,* assistant prosecuting attorney, for appellee.

*Mr. Gary A. Rosenhoffer,* county public defender, for appellant.

HENDRICKSON, P.J. Defendant-appellant, Daniel Maloney, was apprehended for weaving erratically in and out of his lane on Interstate 275. When the officer approached the vehicle, he observed an object between the driver's seat and the console which he identified as "numbchucks" (nunchakus). Approximately one-quarter to one-half of the device was protruding above the level of the seat. Defendant had an odor of alcohol about his person and was arrested for driving under the influence. Defendant was also charged with carrying a concealed weapon.

At trial, defendant entered a no contest plea to the charge of driving under the influence and a plea of not guilty to the charge of carrying a concealed weapon. The arresting officer testified that he had once trained with nunchakus and that they are capable of inflicting death or serious harm. However, on cross-examination he admitted that he was never threatened by the use of the device. The officer also acknowledged that defendant said that he trained with nunchakus, that he was an artist with them, and that that was what he did for a living.

At the conclusion of the state's evidence, defendant moved for a directed verdict of acquittal. The motion was overruled and defendant testified that although he had no training in the martial arts, he had trained himself to use the nunchakus. He further stated that the reason the nunchakus were in the car was that he was informed that someone wanted to purchase them, but he was unable to locate the individual. At the conclusion of defendant's evidence, the trial court entered a finding of guilty and this appeal is from that decision.

In his first assignment of error, it is defendant's contention that the finding of guilty is contrary to law since the weapon was not concealed. This assignment of error is well-taken as "[t]he classic definition of a concealed weapon is one which is hidden from ordinary observation." *United States* v. *Flum* (C.A.8, 1975), 518 F. 2d 39, 45, certiorari denied (1975), 423 U.S. 1018. See, also, *State* v. *Pettit* (1969), 20 Ohio App. 2d 170 [49 O.O.2d 200].

Defendant in his second assignment of error contends that the finding of guilty is contrary to law since the nunchakus were not possessed, carried, or used as a weapon. There is nothing in the record before this court to indicate that the device was designed or specifically adapted for use as a weapon. Further, there is no evidence that it was used as such. Instead, the evidence tends to indicate that the device was used only for lawful purposes. It appears then that the conviction resulted from mere possession of the device. Mere possession of an otherwise lawful article under these circumstances does not make it illegal. See *State* v. *King* (1982), 8 Ohio App. 3d 40. Thus, even if the device had been concealed, defendant's second assignment of error would have been well-taken. Therefore, the assignment is hereby sustained.

In his third assignment of error, defendant contends that the finding of guilty is contrary to law in that he proved an affirmative defense under R.C. 2923.12(C)(4). R.C. 2923.12 prohibits knowingly carrying or having concealed on the person or ready at hand any weapon or dangerous ordnance. Inasmuch as we have found that the device was not concealed and that it was not a weapon, this assignment of error has no application to the facts of the case *sub judice.* Therefore, the same is hereby overruled.

In his last assignment of error,

defendant contends that the finding of guilty entered herein is against the manifest weight of the evidence and we find this assignment of error to be well-taken for the reasons given in response to defendant's first and second assignments of error. Therefore, the same is hereby sustained.

Judgment reversed and defendant discharged.

*Judgment reversed.*

KOEHLER and JONES, JJ., concur.