THE STATE OF OHIO, APPELLANT,
v. ROBERTS, APPELLEE.

(No. CA-85-10 — Decided
May 30, 1986.)

*Richard L. Ross,* prosecuting attorney, for appellant.

*Clyde H. Collins,* for appellee.

*Jill R. Heck,* urging reversal for *amicus curiae* Ohio Prosecuting Attorneys Association.

WISE, J. This is an appeal from the September 16, 1985 judgment entered by the Court of Common Pleas of Morgan County, which granted defendant-appellee Kenneth Roberts' motion requesting suspension of his sentence and the granting of probation. Plaintiff-appellant, the state of Ohio, was granted leave to appeal and raises the following two assignments of error:

"I. The trial court was without jurisdiction to entertain a motion to suspend the sentence after the defendant had unsuccessfully appealed the original conviction.

"II. The court erred in granting probation to the defendant on an offense that is nonprobationable."

I

Roberts was convicted of one count of violating R.C. 2923.17 (unlawful possession of a dangerous ordnance) and two counts of violating R.C. 2925.11 (unlawful possession of a controlled substance). Roberts was sentenced by the trial court judge, the late Robert M. Daniel. He received a one-year definite sentence for violation of R.C. 2923.17, a one-year definite sentence for one violation of R.C. 2925.11 and a $25 fine for the other violation of R.C. 2925.11.

Roberts appealed his conviction to this court; we overruled all of his assignments of error and upheld the conviction. Roberts was also denied relief by the Ohio Supreme Court and the federal courts (in habeas corpus). Roberts, at approximately the same time he filed for habeas corpus relief, moved the trial court for probation. Judge William H. Safranek subsequently granted Roberts' motion for probation.

The state contends that the trial court was without jurisdiction to modify the sentence after appeal. The state cites R.C. 2949.05 in support, apparently arguing that the statute requires a trial court to carry into execution the sentence originally pronounced against the defendant. The statute provides:

"If no appeal is filed or if leave to file an appeal is refused pursuant to section 2953.05 of the Revised Code, if the judgment of the trial court is affirmed on appeal, or if post-conviction relief under section 2953.21 of the Revised Code is denied, the trial court

or magistrate shall carry into execution the sentence or judgment which had been pronounced against the defendant.''

Roberts maintains that the trial court has jurisdiction to grant probation up until the time defendant is actually delivered to the institution where he will serve his sentence. We agree.

R.C. 2929.51(A) provides:

"At any time after compliance with the procedures contained in division (C) of this section, if compliance with those procedures is required by that division, and before an offender is delivered into the custody of the institution in which he is to serve his sentence; or any time between the time of sentencing, if compliance with the procedures contained in division (C) of this section is not required by that division, and the time at which an offender is delivered into the custody of the institution ·in which he is to serve his sentence, when a term of imprisonment for felony is imposed, the court may suspend the sentence and place the offender on probation pursuant to section 2951.02 of the Revised Code. * * *''

Further, R.C. 2929.51(B) provides the trial court with the option, pursuant to R.C. 2947.061, of suspending a sentence and placing an offender on probation who has already been delivered to the custody of the institution where he is to serve his sentence.

Under the state's interpretation of R.C. 2949.05, the trial court must carry into execution the sentence originally imposed, no matter whether an appeal has been taken or not. This interpretation would not allow for the trial court to suspend a defendant's sentence pursuant to R.C. 2929.51. Contrary to the contentions of the state, R.C. 2949.05 applies if no appeal has been filed as well as if an appeal has been taken. If we accept the state's contention that R.C. 2949.05 does not allow for any modification or suspension of sentence after the original sentence is rendered, there is a direct conflict between the two statutes cited. R.C. 2929.51 would have no meaning or effect if that were the case. Thus, if the statutes do conflict, the terms of the newer, specific enactment (R.C. 2929.51) must control here instead of the older, general statute (R.C. 2949.05).

We conclude that the specific provisions of R.C. 2929.51 modify or qualify the more general statute. Further, in accord with this view is the decision of the Second District Court of Appeals in *State* v. *Schweingrouber* (Jan. 14, 1982), Montgomery App. No. 7245, unreported, which held that a trial court has jurisdiction, pursuant to R.C. 2929.51, to suspend a defendant's sentence, even after that defendant had, subsequent to the original sentencing, served time in an Iowa prison.

The state also apparently contends that even if R.C. 2929.51 grants the trial court jurisdiction to suspend a sentence, a trial court's authority to modify its judgment expires with the term of court. We disagree. The common pleas court decisions cited by the state in support of this proposition were both decided before the adoption of the Criminal Rules. Crim. R. 45(C) provides in part:

"* * * The expiration of a term of court in no way affects the power of a court to do any act in a criminal proceeding."

For the above-stated reasons, the state's first assignment of error is overruled.

## II

The state in its second assignment of error contends that the ownership alone (constructive possession) of a dangerous ordnance is a nonprobationable offense. We disagree.

In the case at bar, an unloaded, sawed-off shotgun was found under a mattress during a search of a mobile home occupied by defendant Roberts and others. As a result, Roberts was convicted of violating R.C. 2923.17 (unlawful possession of a dangerous ordnance).

The state claims that R.C. 2951.02 (F)(3) makes a violation of R.C. 2923.17 a nonprobationable offense. R.C. 2951.02(F)(3) provides:

"(F) An offender shall not be placed on probation or otherwise have his sentence of imprisonment suspended pursuant to division (D) (2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

"* * *

"(3) The offense involved was not a violation of section 2923.12 of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code."

The state cites State v. Vaughn (1983), 10 Ohio App. 3d 314, 10 OBR 520, 462 N.E. 2d 444, in support of its position. The Court of Appeals for Hamilton County stated that:

"* * *[P]ossession of [a] dangerous ordnance (a sawed-off shotgun) in violation of R.C. 2923.17 * * * is a nonprobationable offense under R.C. 2951.02(F)(3) as interpreted by State v. Carter (1983), 3 Ohio St. 3d 15. * * *" Id. at 315, 10 OBR at 520, 462 N.E. 2d at 445.

However, this language is obiter dictum, as the holding of Vaughn involved a technically deficient criminal sentence, and its vacation for imposition of a mandatory term of imprisonment. The availability of probation was not raised as an issue in Vaughn. Nor was the availability of probation for a violator of R.C. 2923.17 at issue in

State v. Carter (1983), 3 Ohio St. 3d 15, 3 OBR 362, 444 N.E. 2d 1334.

We note that the Vaughn decision was handed down two days before the present R.C. 2951.02 went into effect, and that the Carter case was decided before the 1983 amendments. R.C. 2951.02(F)(3), prior to the 1983 amendments, read:

"(F) An offender shall not be placed on probation or otherwise have his sentence of imprisonment suspended pursuant to division (C)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

"* * *

"(3) The offense was committed while the offender was armed with a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code." (See 139 Ohio Laws, Part I, 1297, 1347.)

This is the section cited by the state in its brief; however, it is no longer in effect as of July 1, 1983.

The Carter case, in the syllabus, held:

"A person convicted of carrying a concealed weapon [R.C. 2923.12] by virtue of having a firearm concealed on his person shall not be placed on probation pursuant to R.C. 2951.02(F)(3)."

This is clearly no longer true. Even if it were, we fail to see how this holding would make the mere ownership of a dangerous ordnance nonprobationable.

We see the state's argument as contending that mere ownership (constructive possession) of a dangerous ordnance is nonprobationable. Clearly, amended R.C. 2951.02 does not make carrying a concealed weapon on a first offense nonprobationable. Under the state's view, ownership of a dangerous ordnance even though the ordnance was not found on the defendant's person, and regardless of where it is found, is nonprobationable. This result

204

would be absurd. Clearly, mere ownership of a dangerous ordnance does not mean a person is necessarily armed with it under the meaning of the statute. Therefore, we overrule the state's second assignment of error.

Having overruled both of appellant's assignments of error, we affirm the judgment of the Court of Common Pleas of Morgan County.

*Judgment affirmed.*

MILLIGAN, P.J., and HOFFMAN, J., concur.