THE STATE OF OHIO, APPELLEE, v. THEISS, APPELLANT.

(No. CA87-10-131—Decided May 31, 1988.)

*John F. Holcomb,* prosecuting attorney, and *Noah E. Powers II,* for appellee.

*Michael D. Shanks,* for appellant.

YOUNG, J. This is an appeal from a judgment of the Court of Common Pleas of Butler County determining that defendant-appellant, Steven H. Theiss, was ineligible for probation by reason of the fact that he was "armed" with a firearm at the time of the offense. The facts giving rise to the appeal are not in dispute, and are as follows.

On May 1, 1987, appellant was arrested by an officer of the Hamilton Police Department while sitting alone in his motor vehicle on "B" Street near the river in the city of Hamilton, Butler County, Ohio. At the time of the arrest, appellant was charged with public indecency and removed from his vehicle. The vehicle was searched by officers of the Hamilton Police Department wherein the officers found approximately twelve grams of cocaine and a loaded pistol either under the front seat or between the front seats of appellant's vehicle. Upon questioning by the officers, appellant took the police to his apartment where they were shown marijuana plants which appellant admitted growing.

As a result of the above incident, on or about June 5, 1987, the Butler County Grand Jury issued an indictment charging the appellant with possession of drug abuse instruments, public indecency, trafficking in marijuana, carrying a concealed weapon, drug abuse, permitting drug abuse, and aggravated trafficking in drugs.

Pursuant to a plea agreement, count five of the indictment alleging aggravated trafficking in drugs was amended to a lesser charge of drug abuse, and the prosecution dismissed the gun specification as to count five. Appellant then entered a guilty plea to all charges.

On October 15, 1987, appellant appeared for sentencing in the Court of Common Pleas of Butler County at which time the sentencing judge imposed a minimum sentence for counts one, three, four, five, and six. As to count two, the charge of carrying a concealed weapon, the appellant was sentenced to a term of two years with the sentence being suspended and appellant being placed on probation. At sentencing, the sentencing judge stated:

"[T]here is no question that the defendant, by virtue of his prior record and the nature of these offenses would, but for the particular section, be favorably considered for * * * probation by this court."

The court further stated:

"In any event, * * * it is the opinion of the court that the wording of the statute is unequivocal and the court has no power to place the defendant on probation because of the fact that he had this firearm under those circumstances."

The trial court thus found that R.C. 2951.02(F)(3) made the appellant ineligible for probation as to counts one, three, four, five and six, but not as to count two. It is from the sentence and decision of the court, finding appellant ineligible for probation, that appellant has filed this appeal assigning the following as error:

"The trial court erred in finding that appellant was ineligible for probation as to Counts I, III, IV, V and VI of the indictment charged herein, pursuant to Section 2951.02(F)(3) of the Ohio Revised Code."

The issue to be determined by this court on appeal is whether the mere possession of a firearm at the time of the commission of a felony offense makes a defendant automatically in-

eligible for consideration for probation.

R.C. 2951.02(F)(3) provides, in part:

"An offender shall not be placed on probation or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

"* * *

"The offense involved was not a violation of section 2923.12 of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code."

Effective July 1, 1983, the Ohio legislature amended R.C. 2951.02 to provide that an offender convicted of carrying a concealed weapon was eligible to be placed on probation. (See 140 Ohio Laws, Part I, 583, 604, 605.) Prior to that date, the Ohio Supreme Court had determined, in *State* v. *Carter* (1983), 3 Ohio St. 3d 15, 3 OBR 362, 444 N.E. 2d 1334, syllabus, that a conviction for violation of this statute would preclude the trial court from placing a defendant on probation. The trial court in the case *sub judice* was faced with the dilemma of determining probation eligibility as it applied to appellant. It is obvious that appellant is eligible for consideration of probation for the offense of carrying a concealed weapon, but ineligible for probation on any of the other charges if the court determines that the word "armed" applies to the facts of this case.

The *Carter* court specifically dealt with the meaning of the term "armed." In that case, the court stated:

"The word 'armed' must be accorded its usual and ordinary meaning.

That meaning according to Webster's Third New International Dictionary (unabridged) is: 'furnished with weapons of offense or defense: FORTIFIED, EQUIPPED.' (Emphasis added.) Thus, as in this statute, it can only mean someone who is 'in possession of a firearm.' The fact that its application to the offense of carrying a concealed weapon gives rise to a somewhat disconcerting tautologous result does not make it ambiguous. If the General Assembly considers the result an anomaly, it can readily amend the statute in question. It is not for us to judicially legislate." *Id.* at 16-17, 3 OBR at 364, 444 N.E. 2d at 1336.

It is interesting to note that R.C. 2951.02(F)(3) does not refer to a firearm actually being "used" in the commission of an offense or that it be utilized in any way during the offense. The prohibition goes to the fact that the offender was armed with a firearm at the time of the commission of the offense.

In *State* v. *Butler* (Dec. 3, 1987), Cuyahoga App. No. 53785, unreported, the court was faced with a similar problem in determining eligibility for probation. That court stated:

"Seemingly in response to the *Carter* decision, R.C. 2951.02 was amended on July 1, 1983 to provide that an offender who was convicted of carrying a concealed weapon in violation of R.C. 2923.12 may be eligible for probation under certain circumstances. Thus, R.C. 2951.02(F)(3) was amended to state that an offender was ineligible for probation when '[t]he offense involved was not a violation of section 2923.12 of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code.' Cases

decided under the amended version of R.C. 2951.02(F)(3) confirm that probation is not available for an offender where (1) the offense is one other than carrying a concealed weapon, R.C. 2923.12, and (2) the offender was armed with a firearm or dangerous ordnance when the offense was committed. * * *'' (Footnote omitted.) *Id.* at 4-5.

This court agrees with the finding of the trial court that appellant was "armed" at the time of the commission of the offenses as contemplated by R.C. 2951.02(F)(3). While this finding may work to bring about a harsh result, we agree with the statement of the *Carter* court that it is not for us to judicially legislate. It is a question for consideration by the General Assembly.

Appellant's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HENDRICKSON, J., concurs.

JONES, P.J., dissents.

JONES, P.J., dissenting. I have reservations about the majority's application of R.C. 2951.02(F)(3) to the case at bar and must accordingly dissent.

R.C. 2951.02(F)(3) provides that an offender may not be placed on probation or otherwise have his sentence of imprisonment suspended if the offense was committed while the offender was "armed" with a firearm or dangerous ordnance. The July 1, 1983 amendment to R.C. 2951.02 provided an exception to this general prohibition for those offenders convicted of carrying a concealed weapon in violation of R.C. 2923.12. In order to sustain a charge of carrying a concealed weapon, the state must show, among other things, that the instrument is *possessed,* carried or used as a weapon. See *State* v. *Maloney* (1984), 14 Ohio App. 3d 109, 14 OBR 124, 470 N.E. 2d 210, syllabus; and *State* v. *Anderson* (1981), 2 Ohio App. 3d 71, 72, 2 OBR 79, 80, 440 N.E. 2d 814, 815. The purpose behind the amendment is obvious; probation is not prohibited where the accused *possesses* a weapon and conceals it from ordinary view.

The inherent problem of R.C. 2951.02 is that under the statute an accused is not denied probation if the criminal conduct consists of the *possession* and concealment of a deadly weapon or dangerous ordnance. On the other hand, a defendant who similarly possesses a weapon and is charged with an offense in which the possession of the weapon is merely incidental to the charged offense is precluded from receiving probation.

The Supreme Court has stated that an accused is "armed" within the meaning of R.C. 2951.02(F)(3) when he is furnished, fortified or equipped with a weapon. *State* v. *Carter* (1983), 3 Ohio St. 3d 15, 16, 3 OBR 362, 364, 444 N.E. 2d 1334, 1336. "Thus, as in this statute [R.C. 2951.02(F)(3)], it can only mean someone who is 'in *possession* of a firearm.'" (Emphasis added.) *Id.* In light of several post-*Carter* decisions, however, I believe that the majority has misconstrued the true legislative purpose of R.C. 2951.02(F)(3).

There can be no doubt that R.C. 2951.02(F)(3) prohibits probation "[o]nce a defendant is convicted of an offense involving the *use* of a firearm * * *." *State* v. *Moore* (1986), 31 Ohio App. 3d 225, 227, 31 OBR 508, 509, 510 N.E. 2d 825, 826. In *Moore,* the defendant was convicted of involuntary manslaughter for causing the death of another while committing a misdemeanor, *i.e.,* the discharge of a firearm. It is readily apparent that the

defendant was denied probation for committing a crime which not only involved the possession of a firearm but its use as well. Under such facts, the Cuyahoga County Court of Appeals was convinced that "R.C. 2951.02(F)(3) is both unambiguous and mandatory and that a trial court cannot grant probation for any crime committed with a firearm or dangerous ordnance. * * *" *Id.* at 226, 31 OBR at 509, 510 N.E. 2d at 826.

Likewise, in *State* v. *Fisher* (1985), 26 Ohio App. 3d 197, 26 OBR 418, 499 N.E. 2d 344, the defendant pleaded guilty to robbery and admitted to having a firearm in his possession during the robbery and using that firearm in the commission of the charged offense. The court held that under these facts, the trial court had absolutely no discretion to consider probation because of the prohibition of R.C. 2951.02(F)(3). Probation was denied, not because the accused possessed a firearm during the commission of a crime, but because he both possessed and used the weapon to accomplish the robbery.

In *State* v. *Roberts* (1986), 33 Ohio App. 3d 201, 515 N.E. 2d 619, the defendant was convicted of the unlawful possession of dangerous ordnance (an unloaded, sawed-off-shotgun) contrary to R.C. 2923.17. The weapon was found under a mattress following a search of a mobile home occupied by the defendant and several other individuals. The state appealed after the trial court granted the defendant's request to suspend his one-year sentence and placed him on probation.

The state argued that since the defendant was not convicted of carrying a concealed weapon, his conviction for the unlawful possession of a weapon under R.C. 2923.17 was nonprobational under R.C. 2951.02(F)(3). The court construed the state's argument as meaning that mere ownership of a weapon, *i.e.*, "constructive possession," was equivalent to being "armed" with the weapon pursuant to R.C. 2951.02(F)(3). In rejecting this argument, the court stated the following: "Clearly, mere ownership of a dangerous ordnance does not mean a person is necessarily armed with it under the meaning of the statute." *Id.* at 204, 515 N.E. 2d at 622.

Even before the 1983 amendment to the statute, the Franklin County Court of Appeals recognized the true legislative purpose behind R.C. 2951.02(F)(3) in *Columbus* v. *Bee* (1979), 67 Ohio App. 2d 65, 74, 21 O.O. 3d 371, 377, 425 N.E. 2d 409, 416, wherein it observed that:

"* * * The obvious intent of the legislature in enacting * * * [R.C. 2951.02(F)(3)] was to deter the use of deadly weapons in the commission of offenses and to impose a greater penalty when weapons are used * * *." See, also, *State* v. *Moore, supra,* at 227, 31 OBR at 509-510, 510 N.E. 2d at 826-827.

In the case at bar, it is obvious that appellant did not use the handgun in order to perpetrate the crimes to which he pleaded guilty. It is equally apparent that appellant's possession of the handgun played absolutely no role in his cultivation of marijuana plants or his public indecency. Appellant was denied probation simply because he was in possession of the handgun when

arrested and charged. The language of the *Bee* and *Moore* decisions demonstrates that the true purpose of R.C. 2951.02(F)(3) is to focus on the use of firearms or deadly weapons and to deny probation to those individuals who *use* a firearm or dangerous ordnance to facilitate the commission and perpetration of other crimes. Since such was not the case in the matter *sub judice,* I would sustain the assignment of error and find that R.C. 2951.02 (F)(3) does not render appellant ineligible for probation with respect to the multiple offenses to which he pleaded guilty.