THE STATE OF OHIO, APPELLEE, *v.* BUTLER, APPELLANT.

[Cite as State *v.* Butler (1989), 42 Ohio St. 3d 174.]

(No. 88-76—Submitted February 15, 1989—Decided May 10, 1989.)

*John T. Corrigan,* prosecuting attorney, and *Melody A. White,* for appellee.

*Hyman Friedman,* county public defender, and *Robert M. Ingersoll,* for appellant.

MOYER, C.J. The sole issue presented is whether a defendant who pleads guilty to unlawful possession of a dangerous ordnance under R.C. 2923.17(A) is eligible for probation pursuant to R.C. 2951.02(F)(3).

In *State* v. *Carter* (1983), 3 Ohio St. 3d 15, 3 OBR 362, 444 N.E. 2d 1334, this court was faced with the question of whether carrying a concealed weapon, R.C. 2923.12(A),[2] is a non-probationable offense pursuant to R.C. 2951.02(F)(3) when the weapon is a firearm. The defendant in *Carter* was arrested for driving under the influence of alcohol, at which time he was found to have a loaded Colt .25 caliber automatic firearm concealed on his person. At the time of the *Carter* decision, R.C. 2951.02(F) provided:

"An offender shall not be placed on probation or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

"* * *

"(3) The offense was committed while the offender was *armed* with a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code." (Emphasis added.) 139 Ohio Laws, Part I, 1297, 1347.

The defendant in *Carter* argued that R.C. 2951.02(F)(3), as stated above, was ambiguous and therefore must be construed strictly against the state. He contended that the General Assembly used the word "armed" rather than "in possession of" to connote more than mere possession. He suggested that to be armed, the offender must be in possession of the firearm with the intent to use it.

Notwithstanding the defendant's argument in *Carter,* we held that former R.C. 2951.02(F)(3) was unambiguous and as such was not subject to construction. The word "armed," we indicated, must be accorded its usual and ordinary meaning. "That meaning according to Webster's Third New International Dictionary (unabridged) is: 'furnished with weapons of offense or defense: FORTIFIED, EQUIPPED.' " *Id.* at 16, 3 OBR at 364, 444 N.E. 2d at 1336. See, also, *People, ex rel. Griffin,* v. *Hunt* (1934), 150 Misc. 163, 270 N.Y. Supp. 248. Accordingly, we held that a person convicted of carrying a concealed weapon by virtue

---

[2] R.C. 2923.12(A) provides: "No person shall knowingly carry or have, concealed on his person or concealed ready at hand, any deadly weapon or dangerous ordnance."

of having a firearm concealed on his person is armed and shall not be placed on probation pursuant to R.C. 2951.02 (F)(3).

Apparently in response to the *Carter* decision, the General Assembly amended R.C. 2951.02(F)(3), effective July 1, 1983. See 140 Ohio Laws, Part I, 605. The revised version reads:

"(F) An offender shall not be placed on probation or otherwise have his sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

"* * *

"(3) The offense involved was not a violation of section *2923.12* of the Revised Code [carrying a concealed weapon] and was committed while the offender was *armed* with a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code." (Emphasis added.)

Defendant argues that under the amended version of R.C. 2951.02 (F)(3), an offense is nonprobationable only when an additional offense is committed while the offender is armed. A similar argument was advanced by the defendant in *Carter* in urging that we adopt the statement in *Columbus* v. *Bee* (1979), 67 Ohio App. 2d 65, at 74, 21 O.O. 3d 371, at 377, 425 N.E. 2d 409, at 416, that "* * * [t]he obvious intent of the * * * [General Assembly] in enacting * * * [R.C. 2951.02(F)(3)] was to deter the use of deadly weapons in the commission of offenses and to impose a greater penalty when weapons are used * * *." This argument was rejected in *Carter* and must be rejected here. We held in *Carter* that former R.C. 2951.02(F)(3) was unambiguous. The amended version is just as unambiguous as the pre-1983 version.

Defendant also argues that a person is not "armed" within the meaning of R.C. 2951.02(F)(3) if he does not have a firearm or dangerous ordnance on his person. In essence, he contends that he was not armed since he was only in "constructive possession" of a dangerous ordnance. Our decision in *Carter* did not distinguish between actual and constructive possession. Nor does R.C. 2923.17, the statute defining the offense of unlawful possession of dangerous ordnance, to which the defendant pleaded guilty and of which he was convicted. To constitute possession, it is sufficient that the defendant has constructive possession, meaning immediate access to the weapon. *State* v. *Kelley* (1973), 12 Ore. App. 496, 500, 507 P. 2d 837, 839; Black's Law Dictionary (5 Ed. Rev. 1979) 1047. Therefore, defendant's argument is without merit.

The import of our decision in *Carter, supra,* is that for the purposes of R.C. 2951.02(F)(3), a person is *armed* when in possession of a firearm or a dangerous ordnance. The intent of the arming is not a necessary element of being armed. See *Harmony* v. *United States* (1844), 43 U.S. 210, 231-232. The subsequent amendment of R.C. 2951.02(F)(3) making violation of R.C. 2923.12 probationable did not change the meaning of "armed" per our decision in *Carter*. Since the defendant herein pleaded guilty to unlawful possession of a dangerous ordnance, and was convicted of that offense, he was armed for the purposes of R.C. 2951.02(F)(3).

In amending R.C. 2951.02(F)(3), the General Assembly singled out the offense of carrying a concealed weapon, R.C. 2923.12, as probationable. It could have, if it had so desired, made possession of a dangerous ordnance, R.C. 2923.17, probationable, or changed the meaning of "armed," as used in R.C. 2951.02(F)(3) and as ap-

plied by this court in *Carter,* to mean more than possession. But it did not. We will not expand the statute to meet a situation not provided for. *State, ex rel. Foster,* v. *Evatt* (1944), 144 Ohio St. 65, 29 O.O. 4, 56 N.E. 2d 265, paragraph eight of the syllabus.

Consistent with the unambiguous language of R.C. 2951.02 is the statutory scheme which demonstrates that the General Assembly views offenses involving a dangerous ordnance more harshly than other weapon offenses. For example, unlawful possession of a dangerous ordnance is a fourth degree felony. R.C. 2923.17(C). Under R.C. 2923.12(D), carrying a concealed, unloaded weapon is a first degree *misdemeanor.* However, if the weapon is a dangerous ordnance, the crime is a third degree *felony,* regardless of whether the weapon is loaded or unloaded. Furthermore, while the statute provides for certain affirmative defenses to the offense of carrying or having control of a weapon, the defenses are not available if the weapon is a dangerous ordnance. R.C. 2923.12(C).

For the foregoing reasons, we hold that a person convicted of unlawful possession of a dangerous ordnance under R.C. 2923.17(A) is ineligible for probation pursuant to R.C. 2951.02 (F)(3). Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY, J., dissents.