The STATE of Ohio, Appellant,

v.

BARNETT, Appellee.

[Cite as State v. Barnett (1999), 131 Ohio App.3d 137.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96CA91.

Decided Feb. 17, 1999.

138

*Paul Gains,* Mahoning County Prosecuting Attorney, and *Janice O'Halloran,* Assistant Prosecuting Attorney, for appellant.

*Walter David Ritchie,* for appellee.

---

VUKOVICH, Judge.

This timely appeal arises from the sentencing entry issued by the Mahoning County Court of Common Pleas which imposed a period of probation for offenses previously determined to be nonprobational in nature. For the following reasons, the decision of the trial court is reversed in part and this matter is remanded for further proceedings.

On November 8, 1995, Antoine Barnett (appellee) was indicted on one count of carrying a concealed weapon in violation of R.C. 2923.12(A) and one count of having a weapon while under disability in violation of R.C. 2923.13(A)(3). The charges arose out of an arrest on September 29, 1995, in which appellee was found to have on his person a firearm as well as two rocks of suspected cocaine. Appellee's possession of drugs, as well as a prior conviction on January 20, 1993 for attempted drug abuse, gave rise to the charge under R.C. 2923.13(A)(3).

Appellee eventually entered into a plea agreement regarding both charges on March 14, 1996. According to the plea agreement, appellee was advised that the offenses with which he was charged were of such a nature as not to permit probation. Following the plea, the trial court proceeded with sentencing on May 17, 1996. In the trial court's entry, appellee was initially sentenced to a definite term of one year incarceration on each of the two counts, which were to be served concurrently. However, in its sentencing entry, the trial court suspended the term of incarceration and placed appellee on probation for a period of eighteen months. This sentence was entered despite the initial plea agreement indicating that appellee was not entitled to probation for the charged offenses.

Pursuant to App.R. 5, the state of Ohio (appellant) sought leave from this court to file a notice of appeal from the trial court's decision. Leave was granted and a timely notice of appeal was filed. Appellant raises a single assignment of error on appeal:

"The trial court erred granting probation to defendant for a non–probationable offense."

Appellant argues that the clear sentencing guidelines for probationable offenses set forth in R.C. 2951.02(F) prohibit placing an offender on probation when the offender committed a crime while armed with a firearm. Appellant further contends that appellee acknowledged that he was not eligible for probation in his

Crim.R. 11 plea agreement. Therefore, appellant believes that the trial court's failure to follow the statutory mandates was an abuse of discretion.

Appellee concedes that the offenses with which he was charged are offenses which do not permit the imposition of probation during sentencing. However, appellee argues that because appellant did not properly object to sentencing at the trial court level, any defects in sentencing have essentially been waived. Appellee concludes that the trial court's error does not amount to plain error and thus, the trial court's decision should stand as imposed.

■ As a general rule, a trial court has broad discretion when sentencing a defendant. *State v. Polick* (1995), 101 Ohio App.3d 428, 430, 655 N.E.2d 820, 820–821. Therefore, when considering whether a trial court erred in imposing a particular sentence, this court must determine whether the trial court abused its discretion. *Id.* at 431, 655 N.E.2d at 821–822. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 148. Furthermore, an appellate court will not review a trial court's exercise of discretion in sentencing where the sentence imposed is authorized by statute and is within statutory limits. *State v. Hill* (1994), 70 Ohio St.3d 25, 29, 635 N.E.2d 1248, 1252, citing *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179.

R.C. 2951.02 defines when an offender is precluded from being placed on probation for the offenses charged. The statute states:

"(F) An offender shall not be placed on probation and shall not otherwise have the offender's sentence of imprisonment suspended pursuant to division (D)(2) or (4) of section 2929.51 of the Revised Code when any of the following applies:

" * * *

"(3) The offense involved was not a violation of section 2923.12 [carrying concealed weapons] of the Revised Code and was committed while the offender was armed with a firearm or dangerous ordnance, as defined in section 2923.11 of the Revised Code."

■ The Ohio Supreme Court has previously determined that R.C. 2951.02(F)(3) is unambiguous in its construction. *State v. Butler* (1989), 42 Ohio St.3d 174, 538 N.E.2d 98. According to this statute, a criminal defendant armed with a firearm is conclusively ineligible for probation if the offense charged is one other than carrying a concealed weapon pursuant to R.C. 2923.12. *State v. Ervin* (1994), 93 Ohio App.3d 178, 179, 638 N.E.2d 104, 104–105; *State v. Theiss* (1988), 48 Ohio App.3d 251, 254, 549 N.E.2d 201, 203–204. When R.C. 2951.02(F)(3) was codified, the General Assembly chose to single out the offense of carrying a

concealed weapon as a probational offense. *Butler*, 42 Ohio St.3d at 175, 538 N.E.2d at 99–101. However, other offenses committed while in the possession of a firearm are noticeably absent from the statute as related to the eligibility for probation.

■ Additionally, the Ohio Supreme Court has recently held that a prior conviction for attempted drug abuse is sufficient to create a disability pursuant to R.C. 2923.13(A)(3). *State v. Moaning* (1996), 76 Ohio St.3d 126, 127, 666 N.E.2d 1115, 1115–1116. Therefore, when an individual with such a criminal history is found to be in possession of a firearm, a charge of having a weapon under disability can be substantiated. *Id.*

■ Based on an application of the foregoing statute to the facts in the case *sub judice*, it is clear that appellee was not entitled to probation in lieu of incarceration and the trial court abused its discretion in granting such relief. As indicated in the initial plea agreement, the offense of having a weapon while under disability was clearly nonprobationable under the existing statute. R.C. 2951.02(F)(3), as it currently reads, singles out the offense of carrying a concealed weapon as probationable. Prior to being amended on July 1, 1983, the statute provided that any offense, including carrying a concealed weapon, which was committed while the offender was armed was nonprobationable. The Ohio Supreme Court in *State v. Carter* (1983), 3 Ohio St.3d 15, 3 OBR 362, 444 N.E.2d 1334, verified that even the offense of carrying a concealed weapon did not warrant probation under the then existing statute.

However in 1983, R.C. 2951.02(F)(3) was amended by the General Assembly so as to carve out an exception specifically for the offense of carrying a concealed weapon. Under the revised statute, an offense of carrying a concealed weapon was made into a probationable offense. In that the legislature specified in the revised statute that carrying a concealed weapon pursuant to R.C. 2923.12 was a probationable offense, we can only assume that it intended all other offenses involving an offender who is armed were still nonprobationable in nature. This very conclusion was reached by the Ohio Supreme Court in *Butler*, 42 Ohio St.3d 174, 538 N.E.2d 98, when it decided that an offense of unlawful possession of dangerous ordnance in violation of R.C. 2923.17 was nonprobationable as the legislature had not chosen to carve out an exception for the offense in R.C. 2951.02(F)(3).

Just as the Ohio Supreme Court was unwilling to expand the statute to meet the situation at hand in *Butler*, we are similarly unwilling to expand the statute to label offenses nonprobationable that were not so specified by the General Assembly. Had the legislature desired to transform the offense of having a weapon under disability pursuant to R.C. 2923.13 into a probationable offense, it

could have done so when it amended the statute in 1983. Because this was not done, this court can only conclude that the legislature continued to insist that an individual who is armed while under a disability is not eligible for probation. The identical result has similarly been reached by the Eighth Appellate District in its decisions in *Ervin*, 93 Ohio App.3d 178, 638 N.E.2d 104; *State v. Hoge* (Aug. 30, 1990), Cuyahoga App. No. 57441, unreported, 1990 WL 125454; *State v. Gentile* (Nov. 11, 1989), Cuyahoga App. No. 57341, unreported, 1989 WL 136374; and *State v. Harris* (June 23, 1988), Cuyahoga App. No. 54102, unreported, 1988 WL 86251.

While a review of the record indicates that appellant failed to properly object to the imposition of probation at the time of sentencing, this court may nonetheless consider an error on appeal if it is determined to be "plain error." Plain error is viewed as error that is obvious and prejudicial and that, if permitted to stand, would materially and adversely affect the character of and the public confidence in judicial proceedings. *State v. Carter* (1985), 23 Ohio App.3d 27, 28, 23 OBR 70, 70–71, 491 N.E.2d 709, 710–711, citing *Schade v. Carnegie Body Co.* (1982), 70 Ohio St.2d 207, 24 O.O.3d 316, 436 N.E.2d 1001. An action of a trial court that exceeds its authority qualifies as an instance of plain error in that it affects the substantial right of the state to have judicial proceedings conducted according to law. *State v. Richter* (1993), 92 Ohio App.3d 395, 399, 635 N.E.2d 1295, 1297–1298.

Despite appellee's contention that "no major societal goals are undermined" by permitting the trial court's decision to stand, to allow or condone the action of the trial court would be tantamount to holding that mandatory statutory sentencing provisions are subject to a trial court's discretion. Such a conclusion would extinguish the constitutional power of the legislature to set forth public policy of the state. The fact that the prosecutor failed to object to the sentencing at the trial court level does not negate this fact. Moreover, the fundamental concepts of separation of powers make it difficult to conceive of any set of circumstances where ignoring a valid and constitutional statutory mandate can be considered harmless error.

Accordingly, the trial court abused its discretion by imposing a sentence upon appellee that was contrary to statutory mandates. In fact, the trial court should be viewed not only as having abused its discretion but also as having lacked the authority to impose the sentence that it ultimately handed down. The bounds of judicial discretion are determined by the Ohio General Assembly. Here it is more proper to say that the trial court lacked the discretion to impose probation on a matter that the General Assembly has clearly declared to be a nonprobationable offense. Technically, the action of the trial court went beyond an abuse of discretion because the discretion did not exist to arrive at the sentence imposed.

Additionally, this action by the trial court was plain error as it affected the substantial right of the state to have judicial proceedings conducted according to the law. To decide otherwise would serve only to undermine public confidence in the judicial process.

While R.C. 2951.02(F)(3) does qualify the offense of carrying a concealed weapon as probational, the offense of having a weapon under disability is not one that is probational in nature. Therefore, the decision of the trial court is reversed in part and this cause is remanded to the trial court for further proceedings according to law and consistent with this court's opinion. The trial court is ordered to reimpose the term of imprisonment in accordance with this holding as related to the violation of R.C. 2923.13(A)(3).

*Judgment accordingly.*

GENE DONOFRIO, P.J., and COX, J., concur.