OPINION
Appellant William Lambert appeals the decision of the Richland County Court of Common Pleas overruling his motion to amend sentence. On March 24, 1997, the Richland County Court of Common Pleas sentenced appellant to consecutive terms of eight to twenty-five years and six to fifteen years in prison, for convictions of aggravated burglary and robbery. This Court affirmed the trial court decision in an opinion filed on December 11, 1997. In November, 1998, appellant filed a motion in the trial court requesting that his sentence be amended from consecutive to concurrent sentences. On December 9, 1998 the trial court overruled appellant's motion. Appellant timely appealed and raises the following assignment of error:
THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES IN THIS CASE.
 I.
Appellant argues that the trial court should have ordered his two sentences to be served concurrently, or in the alternative, should have found him eligible for minimum sentences under the facts of the case. We disagree. The trial court in the case sub judice was subject to the mandates of R.C. 2929.51, as it read regarding offenses committed prior to July 1, 1996. In particular, R.C.2929.51(A)(1) provided: At any time after compliance with the procedures contained in division (C) of this section, if compliance with those procedures is required by that division, and before an offender is delivered into the custody of the institution in which he is to serve his sentence; or any time between the time of sentencing, if compliance with the procedures contained in division (C) of this section is not required by that division, and the time at which an offender is delivered into the custody of the institution in which he is to serve his sentence, when a term of imprisonment for any felony is imposed, the court may suspend the sentence and place the offender on probation pursuant to section 2951.02 of the Revised Code * * *.
This statute required that a request for modification of sentence be filed before the offender had been transferred to the custody of the penal institution. State v. Roberts (1986), 33 Ohio App.3d 201,202. Because appellant's motion was filed after his sentence commenced at Mansfield Correctional Institution, the trial court was without jurisdiction to modify his sentence pursuant to R.C.2929.51, See, also, State v. Green (July 29, 1994), Lake App. No. 93-L-121, unreported. Appellant nonetheless argues in his reply brief that his original motion was for an "amended or corrected sentencing entry" rather than for a modification of sentence. However, we are not persuaded by this foray into semantics. Black's Law Dictionary defines "modify" as "[t]o alter; to change in incidental or subordinate features; enlarge, extend; amend, limit, reduce * * *." Black's Law Dictionary (5 Ed.Rev. 1979) 905, emphasis added. We have therefore read appellant's motion to amend as a motion to modify sentence under R.C. 2929.51. Finally, even if we were to read appellant's November, 1998, motion as a petition for post-conviction relief, the doctrine of res judicata would bar his claim. We note that appellant did not raise any sentencing errors in his first appeal in 1997, and it is well-established that a post-conviction proceeding cannot be used as a substitute for appeal. See, State v. Wells (May 4, 1995), Licking App. No. 94 CA 113, unreported. Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is affirmed.
By: Wise, P. J. Hoffman, J., and Farmer, J., concur.