OPINION
Defendant, Andrew Locklin, appeals from his conviction and sentence for possession of crack cocaine. R.C. 2925.11(A), which were entered on a verdict of guilty returned by a jury. Previously, Locklin had filed a motion to suppress evidence, which the trial court denied. Locklin filed a timely notice of appeal from his conviction and sentence.
 FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT/APPELLANT'S MOTION TO SUPPRESS.
The evidence that Locklin's motion sought to suppress was seized by police in a warrantless search of his automobile. The search was performed incident to Locklin's arrest on an outstanding warrant. Police learned of the arrest warrant only after they had stopped Locklin's vehicle for several traffic violations. When Locklin then emerged from the vehicle to speak with police, he locked the doors. Officers found this suspicious.
Locklin challenged the warrantless searches in his motion to suppress. The State asserted the inventory search exception to the warrant requirement in South Dakota v. Opperman (1976), 428 U.S. 364, 96b S.Ct. 3092, 49 L.Ed.2d 1000. The trial court found that the exception applied, and overruled Locklin's motion to suppress on that basis.
On appeal, Locklin challenges the trial court's approval of the inventory search of his vehicle. We need not reach that issue, however. It is undisputed that Locklin's arrest on an outstanding warrant was not challenged as unlawful. Therefore, per the recent decision of the Ohio Supreme Court in State v. Murrell (2002), 94 Ohio St.3d 489,2002-Ohio-1483, police were authorized to search the vehicle he'd been driving for weapons and contraband. Any error in the trial court's denial of Locklin's motion to suppress is, therefore, harmless. Statev. Clancy (April 19, 2002), Montgomery App. No. 18844, unreported.
 The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "DEFENDANT/APPELLANT WAS IMPROPERLY CONVICTED OF POSSESSION OF DRUGS AT TRIAL."
Defendant argues in this assignment of error that his conviction for possessing crack cocaine is against the manifest weight of the evidence.
A weight of the evidence argument challenges the believability of the evidence, and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6,1996), Montgomery App. No. 15563, unreported. The proper test to applyto that inquiry is the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
This court will not substitute its judgment for that of the trier offacts on the issue of witness credibility unless it is patently apparentthat the factfinder lost its way. State v. Bradley (October 2, 1997),Champaign App. No. 97-CA-03, unreported., Defendant was found guilty ofknowingly possessing crack cocaine. R.C. 2925.11(A). Knowingly isdefined in R.C. 2901.22(B):
 "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 "Possession" is defined in R.C. 2925.01(K) as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 Possession of an item, such as drugs, may be actual or constructive.State v. Butler (1989), 42 Ohio St.3d 174. A person has constructivepossession when he is aware of the presence of the item and is able toexercise dominion and control over it, even if it is not within hisimmediate physical possession. State v. Townsend (August 24, 2001),Montgomery App. No. 18670, 2001-Ohio-1485. Circumstantial evidence, suchas drugs found in close proximity to an accused, may be sufficient toestablish constructive possession. Id.; State v. Barr (1993),86 Ohio App.3d 227, 235., Defendant argues that the conflicting evidencefails to prove that he possessed the cocaine found in the vehicle. Insupport of this contention, Defendant claims that the evidencedemonstrates nothing more than his mere access to the cocaine because heoccupied the vehicle where the cocaine was found. Defendant also pointsout that the last person to drive that vehicle before him was a knowndrug addict.
 The evidence presented at trial demonstrates that after being stoppedfor traffic violations, Defendant exited the vehicle and locked thedoors. This was highly unusual behavior for a traffic stop, and itaroused officers' suspicions that Defendant might have a weapon or drugsinside the vehicle. Defendant was the only occupant of that vehicle.The crack cocaine was discovered by police on the floorboard, flushagainst the driver's seat. Just nine to twelve inches away from that bagof cocaine, underneath the driver's floor mat, police found a baggie ofwhite pills that Defendant acknowledged belonged to him.
 The circumstantial evidence in this case, which has the same probativevalue as direct evidence, State v. Jenks (1991), 61 Ohio St.3d 259, is sufficient to demonstrate Defendant's constructive possession of the cocaine. Viewing the evidence presented as a whole, we cannot say that the evidence weighs heavily against a conviction, that the jury lost its way, or that a manifest miscarriage of justice has resulted. Defendant's conviction is not against the manifest weight of the evidence.
The second assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN and Frederick N. YOUNG, JJ., concur.