This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} A, Joseph Dokes, appeals the decision of the Summit County Court of Common Pleas, which found him guilty of carrying concealed weapons and having weapons while under disability. This Court affirms in part and reverses in part.
 I.
{¶ 2} Officer Robert Horvath of the Akron Police Department ("APD") was patrolling an area of Akron where a large number of drug related arrests had been made when he saw a car park and a person get out of the car and go across the street. A check of the license plate revealed that the car was registered to someone who did not live in the area. Officer Horvath saw Officer Steve Hankins in his patrol car and asked him to stop the vehicle if it moved. Officer Hankins saw the car in question drive away. Officer Hankins followed the car and attempted to stop it, but the car sped away, ignoring Officer Hankins' lights and sirens. Eventually, the vehicle pulled into a driveway on Homer Street and stopped. As Officer Hankins was approaching the vehicle, the occupant, later identified as the appellant, exited the vehicle and ran. Officer Horvath heard on the police radio that Officer Hankins had stopped the vehicle and was pursuing the occupant on foot. Officer Horvath and his partner, Regina Hankins went to assist Officer Steve Hankins. Officer Horvath apprehended the appellant. A search of appellant's person revealed a plastic bag containing marijuana.
{¶ 3} After arresting appellant, the officers searched the area in which they had chased appellant. In conducting the search, the officers found a loaded 9mm handgun in the back yard of 463 Homer Street. The gun was lying on top of leaves and was warm and dry even though the weather was damp and windy and it had recently rained.
{¶ 4} Appellant was indicted on one count of carrying concealed weapons, a violation of R.C. 2923.12; one count of having weapons while under disability, a violation of R.C. 2923.13(A)(2); and one count of possession of marijuana, a violation of R.C. 2925.11(A). The case proceeded to a jury trial, and appellant was found guilty of all counts. The trial court sentenced appellant to a prison term of eighteen months for carrying concealed weapons and twelve months for having weapons while under disability. The trial court ordered the sentences to be served concurrently. The trial court ordered appellant to pay costs only for the possession of marijuana conviction.
{¶ 5} Appellant timely appealed his convictions for carrying concealed weapons and having weapons while under disability[1], setting forth three assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
{¶ 6} "THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S CRIMINAL RULE 29 MOTION TO DISMISS THE CHARGES OF "CARRYING CONCEALED WEAPONS" AND "HAVING WEAPONS WHILE UNDER DISABILITY", FOLLOWING THE CONCLUSION OF THE STATE'S EVIDENCE." [SIC.]
 SECOND ASSIGNMENT OF ERROR
{¶ 7} "THE COURT ERRED IN FAILING TO GRANT APPELLANT'S CRIM.R. 29 MOTION TO DISMISS ON THE CHARGE OF "CARRYING CONCEALED WEAPONS". [SIC.]
{¶ 8} In his first two assignments of error, appellant argues that the trial court should have granted his motion to dismiss pursuant to Crim.R. 29.
{¶ 9} This Court has previously held that a "defendant who is tried before a jury and brings a Crim.R 29(A) motion for acquittal at the close of the state's case waives any error in the denial of the motion if the defendant puts on a defense and fails to renew the motion for acquittal at the close of all the evidence." State v. Jaynes, 9th Dist. No. 20937, 2002-Ohio-4527, at ¶ 7, quoting State v. Miley
(1996), 114 Ohio App.3d 738, 742.
{¶ 10} At the close of the state's evidence, appellant made a Crim.R. 29 motion and the trial court denied the motion. However, appellant did not renew the motion at the close of all the evidence. After appellant's witness Detective Richard Morrison left the stand, the trial court asked defense counsel if there was anything further and defense counsel replied: "No, Your Honor." The state and defense counsel then gave their closing arguments. The trial court then instructed the jury accordingly. At no time did appellant renew his Crim.R. 29 motion. Therefore, this Court concludes that appellant waived any objection under Crim.R. 29 to the sufficiency of the evidence, and we need not consider appellant's first and second assignments of error.
 THIRD ASSIGNMENT OF ERROR
{¶ 11} "APPELLANT'S CONVICTION WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 12} In his third assignment of error, appellant argues that his convictions for carrying concealed weapons and having weapons while under disability were against the manifest weight of the evidence.
{¶ 13} In reviewing whether a conviction is against the manifest weight of the evidence, this Court reviews the entire record and "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. Furthermore, "[t]he discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id.
{¶ 14} In the instant case, appellant was convicted of one count of carrying concealed weapons in violation of R.C. 2923.12(A), which provides: "[n]o person shall knowingly carry or have, concealed on his or her person or concealed ready at hand, any deadly weapon or dangerous ordnance."
{¶ 15} Appellant argues that there was not even circumstantial evidence that appellant concealed the weapon he was allegedly carrying.
{¶ 16} Officer Hankins testified that, while he was chasing appellant, he saw him pull and tug at the front of his pants first with one hand and then with both hands. Officer Hankins stated that he saw appellant pull his pants up. However, none of the witnesses testified to having seen appellant remove the gun from a pocket or other place of concealment, nor did they testify that the gun had been "concealed ready at hand."
{¶ 17} Appellant was also convicted of one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), which provides, in pertinent part:
{¶ 18} "Unless relieved from disability as provided in section2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if:
{¶ 19} "The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence."
{¶ 20} At trial, counsel for appellant stipulated that appellant was under a disability for purposes of R.C. 2323.13. However, appellant contends that the manifest weight of the evidence does not support his conviction of having weapons while under disability. Specifically, appellant argues that there was no evidence presented that appellant was in possession of the gun that was found in the back yard of 463 Homer Street. In addition, appellant points to the fact that appellant's fingerprints were not found on the gun and none of the officers that testified said they saw appellant with a gun.
{¶ 21} In order for one to "have" a firearm under R.C. 2923.12 and2923.13, a person must actually or constructively possess it. See Statev. Martinsons (June 17, 1998), 9th Dist. Nos. 2708-M and 2713-M. Constructive possession requires immediate access to the weapon. Statev. Butler (1989), 42 Ohio St.3d 174, 176. Circumstantial evidence can be used to support a finding of constructive possession. State v. Grundy
(Dec. 9, 1998), 9th Dist. No. 19016. Lastly, mere access to the weapon can establish guilt; that is, ownership is not a prerequisite to determining whether someone "had" the weapon. State v. Hussing (Jan. 27, 1994), 8th Dist. No. 63838.
{¶ 22} This Court finds that there was sufficient evidence presented at trial to show that appellant "had" the weapon that was found in the back yard of 463 Homer Street. The gun was found in the area that appellant ran through when Officer Hankins was chasing him. When the gun was found, it was warm and dry even though it had been raining and the ground was wet.
 III.
{¶ 23} Given the above facts, this Court cannot conclude that the jury clearly lost its way and created such a manifest miscarriage of justice that appellant's conviction of having weapons while under disability must be reversed and a new trial ordered. However, this Court finds that appellant's conviction of carrying a concealed weapon is against the manifest weight of the evidence. The judgment of the Summit County Court of Common Pleas is reversed as to appellant's conviction and sentence on the charge of carrying a concealed weapon. The judgment is affirmed in all other aspects.
BAIRD, P.J. and BATCHELDER, J. CONCUR.
[1] Appellant is not challenging his conviction of possession of marijuana.