[Cite as *State v. Conant*, **2014-Ohio-1739.**]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   |   JUDGES:                          |
| ------------------------ | - | ---------------------------------- |
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.           |
|                          | : | Hon. John W. Wise, J.              |
| Plaintiff-Appellee       | : | Hon. Patricia A. Delaney, J.       |
|                          | : |                                    |
| -vs-                     | : |                                    |
|                          | : | Case No. 13CA55                    |
| PAUL MICHAEL CONANT      | : |                                    |
|                          | : |                                    |
| Defendant-Appellant      | : | O P I N I O N                      |


CHARACTER OF PROCEEDING:        Criminal appeal from the Richland County
                                Court of Common Pleas, Case No. 2012-
                                CR-851


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         April 23, 2014


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JAMES J. MAYER, JR.                     RANDALL FRY
PROSECUTING ATTORNEY                    10 West Newlon Place
JILL COCHRAN                            Mansfield, OH 44902
38 South Park Street
Mansfield, OH 44902

*Gwin, P.J.*

{¶1} Appellant Paul Conant ["Conant"] appeals his convictions and sentences for three counts of Pandering Sexually Oriented Matter Involving a Minor, in violation of R.C. § 2907.322(A)(5), felonies of the fourth degree, and fifteen counts of Pandering Obscenity Involving a Minor in violation of R.C. § 2907.321(A)(5), felonies of the fourth degree after a jury trial in the Richland County Court of Common Pleas.

### Facts and Procedural History

{¶2} On October 6, 2011, Captain Eric Bosko of the Richland County Sherriff's Department received a letter and report from the Internet Crimes Against Children ("ICAC") agency in Cuyahoga County indicating that they had information that child pornography had been downloaded at an IP address located in Richland County. A search warrant was obtained based on the information provided by ICAC for the residence associated with the IP address in question, 1536 Pear Place, Mansfield, Ohio. The search warrant was executed on October 7, 2011. A computer was removed from the basement of the home. A subsequent search of the computer at the Bureau of Criminal Investigation ["BCI"] located four videos of potential child pornography, 186 images of potential child pornography, and 494 images of young females modeling clothing.

{¶3} As a result of the investigation started by ICAC, Conant was indicted on December 7, 2012 on three counts of Pandering Sexually Oriented Matter Involving a Minor, and fifteen counts of Pandering Obscenity Involving a Minor.

{¶4} During Conant's jury trial, Captain Bosko testified that the owner of 1536 Pear Place, Mansfield, Ohio was David Conant, Jr., the eighty-seven year old father of

appellant. David Conant, III is the brother of appellant. Appellant's father was present when the warrant to search the home was executed.

{¶5} Captain Bosko further testified there were two computer areas in the home, one in the kitchen and one in the basement. Appellant's father told the officer's conducting the search that the computer in the kitchen belonged to him and he was the sole user of that computer. The other computer set-up was down in the basement. Captain Bosko testified that appellant's father stated that the computer in the basement belonged to appellant. Located near the basement computer were several pieces of mail addressed to appellant, as well as other items that were identified by David Conant, Jr. as belonging to appellant.

{¶6} The computers were then sent to BCI where they were examined by Natasha Branham, a computer forensic specialist. Appellant's computer, identified as Evidence Item 1 was found to have three hard drives located within the generic computer tower. "Hard Disk One" had one terabyte ["1TB'] of memory and was running Windows 7 Home Premium operating system. Programs called Frostwire and/or Limewire were loaded onto this computer. These programs are used for peer-to-peer sharing. Ms. Branham offered background information on peer-to peer-file sharing and computer data storage. During her testimony, Ms. Branham explained that when someone uses the Limewire or Frostwire program, they are presented with a search box. The user then types a search term in the box and the program searches the files of other users for these search term or terms. Any files with names containing those search terms then appear in a list. The user may then select files from the list by either selecting individual files or selecting a range of files. The user is then able to click the

download button to begin the download process. These types of programs allow a user to store images in a file that can be accessed by the user from a remote location or by other users of the same program.

{¶7} This particular drive was found to be password protected with multiple possible combinations returned when attempts were made to crack the password. The registered owner of the Windows 7 Home Premium software was "Mikie." The operating system was set to a default administrator. Located on this particular drive were four videos of potential child pornography and eighty-two images of potential child pornography. The file names of the four videos included words like "PTHC," "pedo," "Lolita," and "kiddie hunt." Two of the videos were located within Frostwire/Limewire folder. The photographs were not located within the Frostwire/Limewire folder. They were located in "thumb [cache] DV file," indicating that the images had been viewed through Windows Explorer. The others were located in an "orphan folder." All of the counts in the complaint came from the images and videos located within Hard Drive One.

{¶8} "Hard Drive Two" was a 250-gigabyte Seagate hard drive. The operating system was Windows XP Professional. Paul M. Conant was the registered owner of the Windows XP software. The administrator account on this hard drive had been changed to a nickname of "Mikie" and full name of Mike Conant. "Hard Drive Three" was also a 250-gigabyte hard drive. It did not contain an operating system and was used simply for storage. Located on Hard Drive Three were 104 images of potential child pornography and 494 images of young females modeling clothing in various stages of undress but not nude.

{¶9} Jason Howell, an investigator from ICAC testified regarding his investigation that led to the issuance of the search warrant. Howell testified that one of his reports indicated that appellant's computer was on and ten files of suspected child pornography were located within the sharing file between February 17, 2011 and April 6, 2011. He could not tell when the items were downloaded.

{¶10} Melissa Donathan, an acquaintance of appellant, testified that she met appellant in April of 2012. During this time, Ms. Donathan was living with her mother, Connie Donathan. Connie Donathan was friends with appellant through work. Appellant was also friends with Connie's landlord and did handyman work for him on occasion. When Connie's garage wall collapsed, appellant came over to help fix it, which is how Ms. Donathan became acquainted with the appellant.

{¶11} One day, while appellant was working on tearing down the garage for Connie Donathan, a third party asked appellant if he had been informed whether the police found anything as a result of the search warrant that had been executed the previous October at appellant's home. Appellant's response was that there was nothing incriminating for the raid to even have been conducted. He said that a "black bitch on the force had a hard on for him and that all the good stuff was on his laptop." Appellant expressed the belief that all of the stuff that was on his computer was legitimate because if anything was on the computer, it had come from the internet and if it is on the internet then it was legal.

{¶12} Appellant testified on his own behalf. Appellant presented his debit card statements to verify that he was in the state of Texas from December to April of 2011. Appellant admitted that he owned a laptop but stated it was stolen in December of 2012

and that he never filed a police report. He admitted that he lived at 1536 Pear Place and received his mail there. He further admitted that the computer in the basement belonged to him and that his father did not use his computer or even goes down into the basement. Appellant denied any password on his computer. He also indicated that the home is usually locked and entrance can only be gained by key, garage door opener or invitation. Appellant admitted to downloading Frostwire/Limewire so that he could download programs. Appellant denied downloading the videos and pictures at issue.

**{¶13}** Appellant's father, David Conant Jr. testified that he did winter in Texas from October to April. When he is in Texas, his granddaughter, Sharon Little or his friends, Robert and Pam Ulette pick up the mail and check the house and have keys for that purpose. He testified that he has known these people for a long time and they are all trustworthy. David did remember that appellant went down to Texas with him in 2011 but did not think that they went down or came back together. David testified that there were people in and out of the house a lot.

**{¶14}** During his jury trial, Conant stipulated that the videos and images constituted sexually oriented matter and/or obscenity and that they depicted minors. As a result, the exhibits relating to the images and videos were never submitted to the jury. (2T. at 185-188).

**{¶15}** The jury returned a verdict of guilty on all eighteen counts of the indictment. Appellant was sentenced to twelve months on each count with counts one through five consecutive to each other and counts six through eighteen concurrent to each other and to the first five counts for a total prison sentence of five (5) years.

Appellant was sentenced to five (5) years of mandatory post release control and was classified as a Tier II Sex Offender.

### Assignment of Error

{¶16} Conant has raised one assignment of error,

{¶17} "I. THE VERDICT OF GUILTY RENDERED AGAINST THE APPELLANT FOR COMMITTING THE CRIMES OF PANDERING SEXUALLY ORIENTED MATTER INVOLVING A MINOR AND PANDERING OBSENITY[sic.] INVOLVING A MINOR WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

### Analysis

{¶18} Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id.; see also *McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct. 665, 673, 175 L.Ed.2d 582(2010) (reaffirming this standard); *State v. Fry*, 125 Ohio St.3d 163, 926 N.E.2d 1239, 2010–Ohio–1017, ¶146; *State v. Clay*, 187 Ohio App.3d 633, 933 N.E.2d 296, 2010–Ohio–2720, ¶68.

{¶19} Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith,* 80 Ohio St.3d 89, 684 N.E.2d 668, 1997-Ohio–355. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one

side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis sic.) Id. at 387, 678 N.E.2d 541, quoting Black's Law Dictionary (6th Ed. 1990) at 1594.

{¶20} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the fact finder's resolution of the conflicting testimony. Id. at 387, 678 N.E.2d 541, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). However, an appellate court may not merely substitute its view for that of the jury, but must find that "'the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, supra, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720–721(1st Dist. 1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" Id.

"[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts.

* * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191–192 (1978).

**{¶21}** The parties agreed in the case at bar that the videos and the photographs were sexually oriented material and/or obscene and that they depicted minors. (2T. at 185-188). Conant's argument is that there was insufficient evidence to prove beyond a reasonable doubt that he had "knowledge" and "possession" of the material found on the computer located in the basement of the home.

**{¶22}** In the case at bar, Conant was charged with fifteen counts of Pandering Obscenity Involving Minors. R.C. 2907.321(A)(5) provides,

No person, with knowledge of the character of the material or performance involved, shall do any of the following:

* * *

(5) Buy, procure, possess, or control any obscene material, that has a minor as one of its participants

**{¶23}** Conant was also charged with three counts of Pandering Sexually Oriented Matter Involving a Minor. R.C. 2907.322(A)(5) provides,

No person, with knowledge of the character of the material or performance involved, shall do any of the following:

* * *

(5) Knowingly solicit, receive, purchase, exchange, possess, or control any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality.

**{¶24}** R.C. 2907.321(A) and R.C. 2907.322(A) include the element of knowledge. R.C. 2907.321(A) requires the state to prove, as a prerequisite to proving a defendant criminally liable for buying, procuring, possessing, or controlling "any obscene material that has a minor as one of its participants or portrayed observers," that the defendant had "knowledge of the character of the material or performance involved." R.C. 2907.321(A)(5). R.C. 2907.322(A) requires the state to prove, as a prerequisite to proving a defendant criminally liable for soliciting, receiving, purchasing, exchanging, possessing or controlling "any material that shows a minor participating or engaging in sexual activity, masturbation, or bestiality," that the defendant had "knowledge of the character of the material or performance involved." See, *State v. Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, ¶23 (construing R.C. 2907.321(A)(6)).

**{¶25}** Conant argues the state presented no evidence that he downloaded or viewed the files at issue. He testified at trial that he had no knowledge of the pictures or videos at issue. Conant asserts that none of the state's computer experts could testify that he had downloaded or even viewed the pictures and videos.

**{¶26}** R.C. 2901.22 defines "knowingly" as follows:

(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably

be of a certain nature. A person has knowledge of circum-stances when he is aware that such circum-stances probably exist.

**{¶27}** Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." (Footnotes omitted). *State v. Huff*, 145 Ohio App.3d 555, 563, 763 N.E.2d 695(1st Dist. 2001). Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." *State v. McDaniel*, 2nd Dist. Montgomery No. 16221, 1998 WL 214606(May 1, 19998) (*citing State v. Elliott*, 104 Ohio App.3d 812, 663 N.E.2d 412(10th Dist. 1995)).

**{¶28}** In the case at bar, Conant stipulated that the items found on his computer were sexually oriented material and/or obscene and that they depicted minors. (2T. at 185-188). Thus, the character of the material or performance as obscene and as depicting minors has been established. What Conant is really arguing, therefore, is the state failed to prove that he "possessed" the material in the sense that he downloaded the pictures and videos.

**{¶29}** R.C. 2925.01(K) defines possession as follows: " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2901.21 provides the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21(D)(1).

**{¶30}** Possession may be actual or constructive. *State v. Butler*, 42 Ohio St.3d 174, 176, 538 N.E.2d 98(1989); *State v. Haynes*, 25 Ohio St.2d 264, 267 N.E.2d 787(1971); *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362(1982), syllabus. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. *State v. Wolery*, 46 Ohio St.2d 316, 332, 348 N.E.2d 351(1976). Dominion and control may be proven by circumstantial evidence alone. *State v. Trembly*, 137 Ohio App.3d 134, 738 N.E.2d 93(8th Dist. 2000). Circumstantial evidence that the defendant was located in very close proximity to the contraband may show constructive possession. *State v. Butler*, supra; *State v. Barr*, 86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247-248(8th Dist. 1993); State v. Morales, 5th Dist. Licking No. 2004 CA 68, 2005-Ohio-4714, ¶50; *State v. Moses*, 5th Dist. Stark No. 2003CA00384, 2004-Ohio-4943,¶9. Ownership of the contraband need not be established in order to find constructive possession. *State v. Smith*, 9th Dist. Summit No. 20885, 2002-Ohio-3034, ¶13, *citing State v. Mann*, (1993) 93 Ohio App.3d 301, 308, 638 N.E.2d 585(8th Dist. 1993). Furthermore, possession may be individual or joint. *Wolery*, 46 Ohio St.2d at 332, 348 N.E.2d 351. Multiple individuals may constructively possess a particular item of contraband simultaneously. *State v. Pitts*, 4th Dist. Scioto No. 99 CA 2675, 2000-Ohio-1986. The Supreme Court has held that knowledge of illegal goods on one's property is sufficient to show constructive possession. *State v. Hankerson*, 70 Ohio St.2d 87, 91, 434 N.E.2d 1362, 1365(1982), *certiorari denied*, 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130(1982).

**{¶31}** If the state relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "such evidence to be irreconcilable with any

reasonable theory of innocence in order to support a conviction." *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E. 2d 492(1991), paragraph one of the syllabus, *superseded by State constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668(1997). "Circumstantial evidence and direct evidence inherently possess the same probative value [.]" *Jenks,* 61 Ohio St.3d at paragraph one of the syllabus. Furthermore, "[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt." *Jenks*, 61 Ohio St.3d at 272, 574 N.E. 2d 492. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. *State v. Lott*, 51 Ohio St.3d 160, 168, 555 N.E.2d 293(1990), *citing Hurt v. Charles J. Rogers Transp. Co*, 164 Ohio St. 329, 331, 130 N.E.2d 820(1955). Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case. *Lott,* 51 Ohio St.3d at 168, 555 N.E.2d 293, *citing Hurt*, 164 Ohio St. at 331, 130 N.E.2d 820.

**{¶32}** In the case at bar, only two people live in the house on 1536 Pear Place, David Conant Jr. and appellant. Appellant admitted that the computer in the basement belonged to him and his father had not used that computer and rarely went into the basement except to watch television if it was too hot upstairs. Items of mail and other personal items of appellant were located near the computer when the search warrant was executed. Appellant admitted that all of the software and programs found on the computer were registered to him.

{¶33} Hard Disk One had Frostwire/Limewire installed for the purpose of file sharing. Appellant admitted that he downloaded Frostwire/Limewire in order to download programs. Two of the videos in question were located within the Frostwire/Limewire folder. Melissa Donathan testified that appellant stated that he was not worried about anything found on the computer because he had gotten it all from the internet so it all had to be legal. He also stated that the "good stuff" was on his laptop, which was appellant testified, stolen sometime in December of 2012. Although the investigators testified that they could not tell from the data that was received from the computer, who was downloading and viewing the files or when most of the files were downloaded or viewed, the evidence is that it was found on a computer owned and used by appellant, and the computer was password protected. At trial, appellant testified that the computer was not password protected.

{¶34} Appellant argued that other people had access to the computer. The only testimony to that was from David Conant Jr. who testified that his granddaughter and his good friends looked after his home while he is wintering in Texas. He further testified that there are always people in and out of the house. However, there was no testimony that anyone else had access to the computer simply because he or she was inside of the house. Again, the hard drive in question was password protected.

{¶35} Ultimately, "the reviewing court must determine whether the appellant or the appellee provided the more believable evidence, but must not completely substitute its judgment for that of the original trier of fact 'unless it is patently apparent that the fact finder lost its way.'" *State v. Pallai,* 7th Dist. Mahoning No. 07 MA 198, 2008-Ohio-6635, ¶31, *quoting State v. Woullard,* 158 Ohio App.3d 31, 2004-Ohio-3395, 813 N.E.2d 964

(2nd Dist. 2004), ¶ 81. In other words, "[w]hen there exist two fairly reasonable views of the evidence or two conflicting versions of events, neither of which is unbelievable, it is not our province to choose which one we believe." *State v. Dyke,* 7th Dist. Mahoning No. 99 CA 149, 2002-Ohio-1152, at ¶ 13, *citing State v. Gore*, 131 Ohio App.3d 197, 201, 722 N.E.2d 125(7th Dist. 1999).

{¶36} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212(1967), paragraph one of the syllabus; *State v. Hunter*, 131 Ohio St.3d 67, 2011-Ohio-6524, 960 N.E.2d 955, ¶118. *Accord, Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).

{¶37} The jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP-739, 1999 WL 29752 (Mar 23, 2000) *citing State v. Nivens*, 10th Dist. Franklin No. 95APA09-1236, 1996 WL 284714 (May 28, 1996). Indeed, the jury need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver,* 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶21, *citing State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke,* 10th Dist. Franklin No. 02AP-1238, 2003-Ohio-2889, *citing State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992).

Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, supra.

**{¶38}**  We find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins,* 78 Ohio St.3d at 387, 678 N.E.2d 541, *quoting Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. The jury neither lost his way nor created a miscarriage of justice in convicting Conant of the charges.

**{¶39}**  Based upon the foregoing and the entire record in this matter, we find Conant's convictions were not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury as a trier of fact can reach different conclusions concerning the credibility of the testimony of the state's witnesses and Conant. This court will not disturb the jury's finding so long as competent evidence was present to support it. *State v. Walker*, 55 Ohio St.2d 208, 378 N.E.2d 1049 (1978). The jury heard the witnesses, evaluated the evidence, and was convinced of Conant's guilt.

**{¶40}**  Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crimes beyond a reasonable doubt.

{¶41} Conant's sole assignment of error is overruled in its entirety, and the judgment of the Court of Common Pleas, Richland County, Ohio is affirmed.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur