[Cite as *State v. Klingensmith*, 2016-Ohio-2906.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2015 AP 11 0059 |
| JACOB A. KLINGENSMITH | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No. 2015 CR 02 0019


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    May 9, 2016


APPEARANCES:

For Plaintiff-Appellee

MICHAEL J. ERNEST
ASSISTANT PROSECUTOR
125 East High Avenue
New Philadelphia, Ohio 44663

For Defendant-Appellant

MARK A. PERLAKY
ASSISTANT PUBLIC DEFENDER
153 North Broadway Street
New Philadelphia, Ohio 44663

*Wise, J.*

{¶1} Appellant Jacob A. Klingensmith appeals his conviction on one count of possession of cocaine, following a bench trial in the Tuscarawas County Common Pleas Court.

{¶2} Appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶3} Appellant, Jacob A. Klingensmith, was indicted on one count of Possession of Cocaine, a felony of the fifth degree. The charges in this case arise from an incident which occurred at the Country Inn and Suites located in Dover, Ohio.

{¶4} At the bench trial in this matter, which commenced on June 18, 2015, the state of Ohio called Joyce Espenschied as a witness. Ms. Espenschied stated that she is the general manager at the Country Inn and Suites in Dover, Ohio. (T. at 13). Ms. Espenschied stated that on July 27, 2014, she received a call from her assistant manager about some suspicious activity at the hotel. (T. at 13-14). Ms. Espenschied stated that she then went to the hotel to observe the parking lot to see if she could see any sort of problem. Ms. Espenschied stated that she sat in the parking lot looking for suspicious activity (T. at 13-14). Ms. Espenschied stated that she then went into the lobby to speak with the women who was working at the front desk. (T. at 14). While in the lobby area, Ms. Espenschied stated that she observed a man walk through the front entrance and drop something on the floor. (T. at 14). Ms. Espenschied stated that she recovered the item from the floor, and suspecting it was drugs, took it to the Dover Police Station. (T. at 13). Ms. Espenschied also identified State's Exhibit A as a DVD containing the incident that she observed in the lobby area of the hotel. (T. at 15-16).

**{¶5}** The state of Ohio also presented the testimony of Officer Shawn Leffler of the City of Dover Police Department. Officer Leffler testified that on July 27, 2014, he was working as a police officer and that he was at the station when Ms. Espenschied came in. (T. at 31-32). Officer Leffler observed the substance that Ms. Espenschied brought in and suspected that it was cocaine.[1] (T. at 30). Officer Leffler stated that he went to the Country Inn and Suites with Ms. Espenschied because she was going to ask two of the guests to leave because she suspected that they were the source of drug activity at the hotel, (T. at 31). The two guests were Gabriel Witham and Appellant Jacob Klingensmith. (T. at 31).

**{¶6}** Officer Leffler testified that while at the hotel on July 27, 2014, he had the opportunity to speak to Appellant. (T. at 32). Officer Leffler stated that he also had the opportunity to review the surveillance video from the hotel. (T. at 34). According to Officer Leffler, the person in the video from the hotel lobby looked like the person that he spoke with at the hotel and who identified himself as Appellant.

**{¶7}** Appellant called no witnesses and the parties moved to closing argument. Afterward, the trial court took the matter under advisement. (T. at 39, 51).

**{¶8}** Subsequently, on June 24, 2015, the trial court issued a Judgment Entry requesting that counsel for Appellant and Appellee file written documentation as to whether or not a bench trial could be reopened, without request of either party, and at the Order of the Court, for the express purpose of observing a tattoo that Appellant may have on his inner lower-right leg. (T. (II). at 2). Both parties filed memoranda, and after

---

[1] The substance was sent to B.C.I & I. where it was determined to be cocaine. The identity of this substance was not disputed in this matter.

reviewing the same, the trial court concluded that it had authority to re-open the case to view any and all tattoos on Appellant's inner right leg. (T. (II). at 2-3).

{¶9} The trial court then viewed a tattoo on Appellant's inner right leg, and Counsel for Appellant objected to same in open Court on September 8, 2015. (T. (II). at 6-7).

{¶10} On September 8, 2015, the trial court reopened this matter for a continuation of the bench trial for the purpose of having the Appellant present in order to allow the trial court to observe the Appellant's inner right leg to determine if a tattoo existed.

{¶11} On September 9, 2015, the trial court issued a Verdict Judgment Entry finding Appellant guilty of possession of cocaine, R.C. §2925.11, a felony of the fifth degree.

{¶12} On October 29, 2015, the trial court issued a Judgment Entry imposing sentence on Appellant. Appellant was sentenced to one year of unsupervised community control sanctions, seventy-five (75) hours of community service, payment of the court costs, and a six-month suspension of his motor vehicle operator's license. Appellant's sentence was stayed pending appeal.

{¶13} Appellant now appeals, assigning the following errors for review:

ASSIGNMENTS OF ERROR

{¶14} "I. THE TRIAL COURT ERRED IN RE-OPENING THE EVIDENCE IN THIS CASE WHEN NEITHER PARTY HAD SPECIFICALLY REQUESTED IT.

{¶15} "II. THE TRIAL COURT'S VERDICT OF GUILTY WAS BASED ON INSUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶16} For ease of discussion, we shall address Appellant's Assignments of Error out of order.

II.

{¶17} In his Second Assignment of Error, Appellant argues that his conviction was against the manifest weight and sufficiency of the evidence. We disagree.

{¶18} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.* The weighing of the evidence and judging of the credibility of the witnesses is best left to the trier of fact.

{¶19} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime

proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶20} Appellant herein was charged and convicted of one count of possession of cocaine, in violation of R.C. §2925.11(A), a felony of the fifth degree, as follows:

{¶21} "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog and the drug involved was cocaine or a compound, mixture, preparation, or substance containing cocaine in an amount of less than five grams."

{¶22} Appellant specifically argues that he was not knowingly in possession of the drugs found on the floor in the hotel lobby.

{¶23} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. §2901.22(B). "With regard to the ability to prove an offender's intentions, the Ohio Supreme Court has recognized that 'intent, lying as it does within the privacy of a person's own thoughts, is not susceptible [to] objective proof.' " *State v. Wilson,* 12th Dist. Warren No. CA2006–01–007, 2007–Ohio–2298, ¶ 41, quoting *State v. Garner,* 74 Ohio St.3d 49, 60, 656 N.E.2d 623 (1995). Thus, "whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances * * *." *State v. Huff,* 145 Ohio App.3d 555, 563, 763 N.E.2d 695 (1st Dist.2001).

{¶24} R.C. §2925.01(K) defines possession as follows: "'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from

mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

**{¶25}** R.C. §2901.21 provides the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21(D)(1).

**{¶26}** Possession may be actual or constructive. *State v. Butler,* 42 Ohio St.3d 174, 176, 538 N.E.2d 98 (1989); *State v. Haynes,* 25 Ohio St.2d 264, 267 N.E.2d 787 (1971); *State v. Hankerson,* 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982), syllabus. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. *State v. Wolery,* 46 Ohio St.2d 316, 332, 348 N.E.2d 351 (1976). Dominion and control may be proven by circumstantial evidence alone. *State v. Trembly,* 137 Ohio App.3d 134, 738 N.E.2d 93 (8th Dist.2000). Circumstantial evidence that the defendant was located in very close proximity to the contraband may show constructive possession. *State v. Butler, supra*; *State v. Barr,* 86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247–248 (8th Dist.1993); *State v. Morales,* 5th Dist. Licking No. 2004 CA 68, 2005–Ohio–4714, ¶ 50; *State v. Moses,* 5th Dist. Stark No. 2003CA00384, 2004–Ohio–4943, ¶9. Ownership of the contraband need not be established in order to find constructive possession. *State v. Smith,* 9th Dist. Summit No. 20885, 2002–Ohio–3034, ¶13, *citing State v. Mann,* 93 Ohio App.3d 301, 308, 638 N.E.2d 585 (8th Dist.1993). Furthermore, possession may be individual or joint. *Wolery,* 46 Ohio St.2d at 332, 348 N.E.2d 351. Multiple individuals may constructively possess a particular item of contraband simultaneously. *State v. Pitts,* 4th Dist. Scioto No. 99 CA

2675, 2000–Ohio–1986. The Supreme Court has held that knowledge of illegal goods on one's property is sufficient to show constructive possession. *State v. Hankerson,* 70 Ohio St.2d 87, 91, 434 N.E.2d 1362, 1365 (1982), certiorari denied, 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130 (1982).

{¶27} As set forth above, testimony was presented at trial that the substance found on the floor in the lobby of the Country Inn and Suites was cocaine. Further, the State produced evidence that prior to Appellant entering the hotel lobby, the cocaine was not there. Ms. Espenschied testified that she was in the lobby when she observed a man walk through the front entrance and drop something on the floor. (T. at 14). She stated that she recovered the item from the floor and upon inspection, suspected that it was drugs. She then took the suspected drugs to the Dover Police station. (T. at 15). Officer Leffler testified that he accompanied Ms. Espenschied back to the hotel and spoke with two of the guests who were suspected to be the source of the drug activity, and that Appellant was one of those guests. He further testified that he reviewed the surveillance video, and the person in the video looked like the same person he spoke to at the hotel on July 27, 2014. (T. at 32, 34).

{¶28} Based on the foregoing, we find that there was sufficient evidence that Appellant knowingly possessed the drugs found in the hotel lobby. We further find that the trial court did not lose its way in convicting Appellant of the crime of possession of drugs.

{¶29} Appellant's second assignment of error is overruled.

I.

**{¶30}**  In his First Assignment of Error, Appellant contends the trial court erred in reopening the evidence in this case *sua sponte* for purposes of viewing Appellant's leg. We agree.

**{¶31}**  A trial court may, within its sound discretion, reopen a case to permit a party to put on additional evidence after both parties have rested. *Ketcham v. Miller* (1922), 104 Ohio St. 372.

**{¶32}**  In the case *sub judice*, neither party requested that the case be re-opened for the presentation of additional evidence. Instead, almost one week after the trial in this matter concluded, the trial court, issued a Judgment Entry to the parties requesting the parties brief the issue of whether the trial court could re-open this matter on its own motion.  Having decided that it could re-open the case on its own motion, the trial court, approximately two and a half months later, re-opened the case for the purpose of viewing any tattoos that may or may not have been on Appellant's right leg. Counsel for Appellant objected to these actions by the trial court. (T. (II) at 6-7).

**{¶33}**  Under these circumstances, we find that it was error for the trial court to usurp the role of the prosecutor by re-opening the State's case to cause Appellant to show his leg and the tattoo thereon. We find that by so doing, the trial court interjected itself into the prosecution's case by gathering evidence on behalf of the State. The trial court therein lost its impartiality, and became a *de facto* prosecutor or State actor.

**{¶34}**  We find the trial court's actions in re-opening this case to gather evidence to be an error of law. Appellant's First Assignment of Error is therefore sustained.

**{¶35}** However, while determining that the evidence of the existence of the tattoo on Appellant's leg was erroneously considered by the trial judge, as set forth above, we find that the remaining evidence was sufficient to support a conviction in this case. We therefore find the error to be harmless in this case.

**{¶36}** For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/d 0420