[Cite as *State v. Kennard*, 2024-Ohio-2205.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | | Hon. Craig R. Baldwin, J. |
| | : | | Hon. Andrew J. King, J. |
| -vs- | : | | |
| | : | | |
| RICHARD KENNARD, | : | | Case No. 2023CA00061 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Stark County Court
of Common Pleas, Case No.
2023CR1737

JUDGMENT:    Affirmed

DATE OF JUDGMENT:    June 7, 2024

APPEARANCES:

For Plaintiff-Appellee

KYLE L. STONE
Prosecuting Attorney
Stark County Ohio

By: VICKI L. DESANTIS
Appellate Division
Assistant Prosecuting Attorney
110 Central Plaza South Ste. 510
Canton, Ohio 44702-1413

For Defendant-Appellant

D. COLEMAN BOND
116  Cleveland Avenue N.W.
Suite 600
Canton, Ohio 44702

*Baldwin, J.*

**{¶1}** The appellant, Richard Kennard, appeals his conviction and sentence by the Stark County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On September 28, 2022, the Stark County Grand Jury indicted the appellant with one count of Aggravated Trafficking in Drugs in violation of R.C. §2925.03(A)(2)(C)(1)(d), one count of Aggravated Possession of Drugs in violation of R.C. §2925.11(A)(C)(1)(c), one count of Possession of a Fentanyl-Related Compound in violation of R.C. §2925.11(A)(C)(11)(c), one count of Trafficking in a Fentanyl-Related Compound in violation of R.C. §2925.03(A)(2)(C)(9)(d), and one count of Possession of Cocaine in violation of R.C. §2929.11(A)(C)(4)(a).

**{¶3}** On October 21, 2022, the appellant entered a plea of not guilty.

**{¶4}** On February 6, 2023, the appellant's trial counsel filed a Motion to Withdraw.

**{¶5}** On February 13, 2023, the trial court granted the appellant's trial counsel's Motion to Withdraw.

**{¶6}** On May 1, 2023, the matter proceeded to trial.

**{¶7}** At trial, Detective Scott Jones testified that on July 29, 2022, he was working as part of the Stark County Narcotics Unit. That night he was conducting a directed patrol interdiction with Canton Vice and the FBI. The officers noted the appellant was driving his mother's vehicle and had an outstanding warrant. He initiated a traffic stop on the appellant. He refused verbal orders to exit the vehicle and had to be forcibly removed.

{¶8} Detective Jones drove his vehicle in front of the appellant to prevent him from leaving. He then activated his body camera. The appellee then played the body camera footage for the trial court.

{¶9} Detective Jones testified that the appellant was the only person in the vehicle. Upon searching the vehicle, officers discovered a digital scale and empty plastic baggies in the passenger compartment near the driver's seat. Detective Jones noted white powder on the scale. The back seat contained an open box of sandwich bags, and he located a bag of suspected methamphetamine under the passenger seat. Plastic bags and the digital scale are indicative of drug trafficking as they are used to weigh and package drugs for sale.

{¶10} Upon further search of the vehicle, Detective Jones found more suspected drugs hidden in a gap between where the ceiling fabric meets the windshield. He noted the quantity, presence of the baggies, and presence of the digital scale led him to believe the appellant was dealing drugs.

{¶11} Finally, officers recovered suspected crack cocaine from outside the vehicle, in an area where the appellant was never taken. Based on the totality of the circumstances, the drugs, and drug paraphernalia found in the car, Detective Jones believes the suspected crack cocaine belongs to the appellant.

{¶12} Next, Detective Korchnak testified that on July 29, 2022 he was working in a joint capacity with the FBI. The FBI had specific intelligence that the appellant would be at a specific location and had a warrant. They knew he was driving a black SUV and had the license plate number.

**{¶13}** Detective Korchnak detained the appellant in the back of his police car. When the prisoner began to get agitated, the detective told the appellant to calm down. He had been caught.

**{¶14}** The appellant replied, "I know I've been caught."

**{¶15}** Detective Korchnak documented the evidence obtained during the police's search of the vehicle: a digital scale, suspected methamphetamine, suspected heroin, suspected cocaine, and two cell phones. In Detective Korchnak's experience, a digital scale, baggies, the quantity of drugs found, and multiple cell phones is indicative of drug trafficking.

**{¶16}** Detective Hampton then testified that he was employed with the City of Canton Police and worked in a Special Investigations Unit. On July 29, 2022, while working with Detective Kornchnak, Detective Jones, and two FBI agents, he participated in the stop of the appellant and search of the vehicle.

**{¶17}** At the crime scene, Detective Hampton tried to explain to the appellant and the appellant's mother why he was under arrest. He asks the defendant how to open the vehicle's hood.

**{¶18}** The appellant replies, "Don't break the hood to my vehicle."

**{¶19}** He observes Detective Jones find multiple torn-off baggies of narcotics. As he was finishing his search of the vehicle, he noticed a small baggie containing what appeared to be crack cocaine, which he found on the ground. In his experience, the amount of drugs found in the vehicle the appellant drove is indicative of trafficking.

**{¶20}** Alexis Kimble was the appellee's final witness. Ms. Kimble testified that she is employed at the Canton Stark County Crime Lab as a forensic scientist in the chemistry

section. She performs drug and alcohol analysis. Ms. Kimble testified that officers recovered thirty-eight grams of methamphetamine, more than seven grams of fluorofentanyl and fentanyl, and .35 grams of cocaine base, otherwise known as crack cocaine, from the vehicle.

**{¶21}** The appellant moved for acquittal under Crim.R. 29. The trial court denied that motion.

**{¶22}** The defense then called the appellant's mother to testify. At trial, she testified that the black SUV the appellant was driving on July 29, 2022, was registered to her. The black SUV was also the primary vehicle of her other son. The appellant recovered the vehicle from one of his siblings on July 28, 2022.

**{¶23}** On May 3, 2023, the jury returned a verdict of guilty on all of the indicted charges and was sentenced on May 11, 2023.

**{¶24}** The appellant filed a timely notice of appeal and raised the following two assignments of error:

**{¶25}** "I. THE STATE FAILED TO PRESENT SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION AGAINST APPELLANT, AND THE CONVICTION MUST BE REVERSED."

**{¶26}** "II. THE APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED, AND MUST BE REVERSED."

**I., II.**

**{¶27}** In the appellant's first and second assignments of error, the appellant argues that his convictions were not based on sufficient evidence and were against the manifest weight of the evidence presented. We disagree.

**STANDARD OF REVIEW**

**{¶28}** The appellant challenges his convictions on both manifest weight and sufficiency of the evidence grounds. Sufficiency of the evidence was addressed by the Ohio Supreme Court in *State v. Worley*, 164 Ohio St.3d 589, 2021-Ohio-2207, 174 N.E.3d 754:

> The test for sufficiency of the evidence is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, 684 N.E.2d 668 (1997), fn. 4, and following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). " 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own affairs" R.C. 2901.05(E). A sufficiency-of-the-evidence challenge asks whether the evidence adduced at trial "is legally sufficient to support the jury verdict as a matter of law." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶219.

**{¶29}** Thus, a review of the constitutional sufficiency of the evidence to support a criminal conviction requires a court of appeals to determine whether; after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

{¶30} Manifest weight of the evidence, on the other hand, addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668. The Court stated:

> Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief*." (Emphasis added.) Black's, *supra*, at 1594.

*Id.* at 387

{¶31} The Court stated further:

> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the fact finder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created

such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*Id.*

**{¶32}** In addition, "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

**{¶33}** "If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment." *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 60, at 191-192 (1978).

## ANALYSIS

**{¶34}** R.C. §2925.03, in pertinent part, states:

(A)No person shall knowingly do any of the following:

…

(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person.

…

(C) Whoever violates division (A) of this section is guilty of one of the following:

(1)    If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, any fentanyl-related compound, hashish, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated possession of drugs. The penalty for the offense shall be determines as follows:

…

(d) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, aggravated trafficking in drugs is a felony of the second degree, and the court shall impose as a mandatory prison term a second degree felony mandatory prison term. If the amount of the drug involved is within that range and if the offense was committed in the vicinity of a school, in the vicinity of a juvenile, or in the vicinity of a substance addiction services provider or a recovering addict, aggravated trafficking in drugs is a felony of the first degree, and the court shall impose as a mandatory prison term a first degree felony mandatory prison term.

…

(9) If the drug involved in the violation is a fentanyl-related compound or a compound, mixture, preparation, or substance containing a fentanyl-related compound and division (C)(10)(a) of this section does not apply to the drug

involved, whoever violates division (A) of this section is guilty of trafficking in a fentanyl-related compound. The penalty for the offense shall be determined as follows:

…

(d) Except as otherwise provided in this division, if the amount of the drug involved equals or exceeds fifty unit doses but is less than one hundred unit doses or equals or exceeds five grams but is less than ten grams, trafficking in a fentanyl-related compound is a felony of the third degree, and there is a presumption for a prison term for the offense. If the amount of the drug involved is within that range and if the offense was committed in the vicinity of a school, in the vicinity of a juvenile, or in the vicinity of a substance addiction services provider or a recovering addict, trafficking in a fentanyl-related compound is a felony of the second degree, and there is a presumption for a prison term for the offense.

**{¶35}** R.C. §2925.11(A), in pertinent part, states:

(A)    No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

…

(C) Whoever violates division (A) of this section is guilty of one of the following:

(1)    If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, any fentanyl-related compound,

hashish, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated possession of drugs. The penalty for the offense shall be determines as follows:

…

(c) If the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, aggravated possession of drugs is a felony of the second degree, and the court shall impose as a mandatory prison term a second degree felony mandatory prison term.

…

(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or a substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:

(a)     Except as otherwise provided in division (C)(4)(b), (c), (d), (e), or (f) of this section, possession of cocaine, is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

…

(11) If the drug involved in the violation is a fentanyl-related compound and neither division (C)(9)(a) nor division (C)(10)(a) of this section applies to the drug involved, or is a compound, mixture, preparation, or substance that contains fentanyl-related compound or is a combination of a fentanyl-related compound and any other controlled substance and neither division

(C)(9)(a) nor division (C)(10)(a) of this section applies to the drug involved, whoever violates division (A) of this section is guilty of possession of a fentanyl-related compound. The penalty for the offense shall be determined as follows:

…

(c) If the amount of the drug involved equals or exceeds fifty unit doses but is less than one hundred unit doses or equals or exceeds five grams but is less than ten grams, possession of a fentanyl-related compound is a felony of the third degree, and there is a presumption for a prison term for the offense.

**{¶36}** The appellant does not dispute that the controlled substances were found in or around the vehicle he was operating, just that he was in knowing possession of them.

**{¶37}** " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). Possession may be actual or constructive. *State v. Butler* (1989), 42 Ohio St.3d 174, 176, 538 N.E.2d 98. Constructive possession occurs when a person knowingly exercises dominion or control over the item, even without physical possession. *State v. Hankerson* (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus. More than just a person's presence in the vicinity of the item is necessary to prove constructive possession. See *State v. Haynes* (1971), 25 Ohio St.2d 264, 267 N.E.2d 787, paragraph two of the syllabus. Rather, additional circumstances, such as the close proximity of the

item and its ready availability, support the conclusion of constructive possession. *State v. Riley*, 9th Dist. Summit No. 20618, 2001-Ohio-1785. A defendant's "possession of the keys to the automobile is a strong indication of control over the automobile and all things found in or upon the automobile." Furthermore, when "one is found to be the driver of a car in which drugs are within easy access of the driver, constructive possession will be established." *State v. Kurtz*, 10th Dist. Franklin No. 98AP-210, 1998 WL 767430.

**{¶38}** Likewise, a jury can properly conclude that a defendant who exercises dominion and control over an automobile also exercises dominion and control over illegal drugs found in the automobile. *State v. Smith*, 162 Ohio App.3d 208, 2005-Ohio-3579, ¶¶23-28; *State v. Trembly* (2000), 137 Ohio App.3d 134, 141.

**{¶39}** In the case *sub judice*, the State produced testimony that the appellant was driving a vehicle registered to his mother. Upon a search of the vehicle, officers found a digital scale, empty baggies, baggies containing fluorofentanyl and fentanyl, and a bag containing methamphetamine in the vehicle. Just outside the passenger side of the vehicle, the officers found a small container filled with crack cocaine. Officer Jones testified it would not be uncommon for an individual who was pulled over by the police to discard such a small amount of drugs out the window, anticipating a search of the vehicle.

**{¶40}** Ms. Kimble of the Canton Stark County Crime lab testified that thirty-eight grams of methamphetamine, more than twelve times the bulk amount of three grams; more than seven grams of fluorofentanyl and fentanyl, more than seven times the bulk amount of one gram; and .35 grams of cocaine base were recovered from the vehicle.

**{¶41}** Therefore, we find that there was sufficient evidence to support the convictions of the appellant for aggravated trafficking in drugs, aggravated possession of

drugs, possession of a fentanyl-related compound, trafficking in a fentanyl-related compound, and possession of cocaine. Our review of the entire record fails to persuade us that the jury lost its way and created a manifest miscarriage of justice. The appellant was not convicted against the manifest weight of the evidence.

{¶42} Accordingly, the appellant's first and second Assignments of Error are overruled.

## {¶43} CONCLUSION

{¶44} For the forgoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed.

By: Baldwin, J.

Delaney, P.J. and

King, J. concur.