[Cite as *State v. Crabtree*, 2025-Ohio-5674.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO<br><br>        Plaintiff - Appellee<br><br>-vs-<br><br>CHRISTOPHER CRABTREE<br><br>        Defendant – Appellant | Case No. 2025 CA 0018<br><br><u>Opinion And Judgment Entry</u><br><br>Appeal from the Fairfield County Court of Common Pleas, Case No. 2024 CR 0185<br><br>Judgment:   Affirmed<br><br>Date of Judgment Entry:December 19, 2025 |

**BEFORE:**   CRAIG R. BALDWIN, P.J., WILLIAM B. HOFFMAN, J.**,** KEVIN W. POPHAM, J.;   Appellate Judges

**APPEARANCES:** R. KYLE WITT, By LORI D. PRITCHARD for Plaintiff-Appellee; TODD W. BARSTOW for Defendant-Appellant

OPINION

*Popham, J.*

{¶1}   Defendant-Appellant Christopher Crabtree ("Crabtree") appeals his conviction for Aggravated Possession of Drugs (methamphetamine) after a jury trial in the Fairfield County Court of Common Pleas. Crabtree contends that the evidence presented at trial was insufficient to sustain his conviction and that his conviction is against the manifest weight of the evidence. For the reasons that follow, we affirm the decision of the trial court.

**Facts and Procedural History**

{¶2} On April 17, 2024, a Fairfield County grand jury indicted Crabtree on one count of Aggravated Possession of Drugs (methamphetamine), a fifth-degree felony in violation of R.C. 2925.11(A) and (C)(1)(a). The matter proceeded to a jury trial commencing on April 29, 2025. The following evidence was presented at trial.

{¶3} Officer Austin Michael Eugene Pierce testified that on January 17, 2024, while on patrol, he observed Cressy Robbins, a known drug trafficker, seated in the passenger seat of a pickup truck driven by Crabtree. *Trial Transcript ("T.") at 129, 180*. Officer Pierce testified that Robbins quickly exited the truck and ran into an apartment. *T. at 129, 160-161, 180.* Officer Pierce then followed Crabtree's vehicle and initiated a traffic stop. *Id. at 128-130.*

{¶4} Officer Esferiner Delgado arrived shortly thereafter and assisted the other passenger, Angel Thacker, in exiting the vehicle.[1] *T. at 154.* A records check revealed that Thacker had an active warrant. *Id. at 132, 155-156*. The interaction was recorded on Officer Delgado's body camera. *Id. at 161; State's Exhibit B.*

{¶5} Crabtree consented to a search of his truck. *T. at 130, 156*. During the search, Officer Pierce located a glass pipe on the passenger-side floorboard. *T. at 132, 135; State's Exhibit A-3*. Officer Pierce testified that such pipes are commonly used to smoke methamphetamine. *Id. at 135.* He further testified that Officer Delgado discovered a small bag containing methamphetamine "on [sic] Ms. Thacker's pocket." *Id. at 133.*

{¶6} Officer Delgado testified that after Crabtree got out of his truck, he asked Crabtree if he had any weapons on his person. *T. at 156; State's Exhibit B at 00:10:39*. Crabtree told the officer that he had a knife, which Officer Delgado removed from

---

[1] Thacker indicated that she was on her way to the hospital for dialysis and needed assistance to exit the vehicle because her crutches were in the back of the truck. T. at 131, 154-156.

Crabtree's pocket. *Id.* Officer Delgado testified that he asked Crabtree to empty his pockets. *Id. at 157; State's Exhibit B at 00:11:20*. Officer Delgado testified,

> So, with his left hand he went inside his left pocket - - pants pocket and he - - when he pulled it out, there was an item that fell out of his left hand of his possession onto the ground, and I observed it fall from his person.

*T. at 158; State's Exhibit B at 00:11:31-00:11:36.*

{¶7}  Officer Delgado told Crabtree, "You just dropped a bag of meth right there." *State's Exhibit B at 00:11:36*. He then informed Crabtree that he was under arrest for possession. *State's Exhibit B at 00:11:54*. Officer Delgado read Crabtree his *Miranda* rights. *T. at 159; State's Exhibit B at 00:14:34*. When asked where he obtained the drugs, Crabtree replied that he got them from "Cressy" and asked, "What's that do for me?" *Id.; State's Exhibit B at 00:18:30.* Crabtree admitted purchasing the drugs from Cressy. *State's Exhibit B at 00:19:10.*

{¶8}  Subsequent laboratory testing confirmed that the substance recovered by Officer Delgado was approximately 1.08 grams of methamphetamine. *T. at 205-206; State's Exhibit D.*

{¶9}  The defense presented no witnesses or exhibits. The jury found Crabtree guilty of Aggravated Possession of Drugs (methamphetamine), a fifth-degree felony in violation of R.C. 2925.11(A) and (C)(1)(a). *T. at 258.*

{¶10}  The trial court sentenced Crabtree to seven months in prison, to be served consecutively to his sentences in Ross County Court of Common Pleas Case Nos. 23 CR 462 and 23 CR 463. *Id. at 267-268.* The court also imposed two years of discretionary

post-release control, a $700 fine, court costs, and a three-year driver's license suspension. *Id.*

**Assignment of Error**

{¶11} Crabtree raises one assignment of error for our consideration,

{¶12} "I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF AGGRAVATED POSSESSION OF DRUGS AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶13} In his sole assignment of error, Crabtree argues his conviction is against the sufficiency and manifest weight of the evidence. We disagree.

**Standard of Review – Sufficiency of the Evidence**

{¶14} A challenge to the sufficiency of the evidence presents a question of law, which this Court reviews de novo. *State v. Walker*, 2016-Ohio-8295, ¶ 30; *State v. Jordan*, 2023-Ohio-3800, ¶ 13. The Sixth Amendment guarantees the right to trial by an impartial jury, and the Due Process Clause requires the State to prove each element of a charged offense beyond a reasonable doubt. *United States v. Gaudin*, 515 U.S. 506, 509-510 (1995); *Hurst v. Florida*, 577 U.S. 92 (2016).

{¶15} When reviewing a sufficiency challenge, the appellate court examines the statutory elements of the offense in light of the evidence presented at trial. *State v. Richardson*, 2016-Ohio-8448, ¶ 13. The reviewing court does not assess witness credibility or weigh conflicting testimony. *State v. Jenks*, 61 Ohio St.3d 259 (1991),

paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as stated in State v. Smith,* 80 Ohio St.3d 89, 102 n.4 (1997)*.* The question is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. *State v. Murphy*, 91 Ohio St.3d 516, 543 (2001), citing *Jenks; Walker*, at ¶ 31; *State v. Poutney*, 2018-Ohio-22, ¶ 19.

{¶16} A conviction will not be reversed for insufficient evidence unless reasonable minds could reach only one conclusion - acquittal. *State v. Ketterer*, 2006-Ohio-5283, ¶ 94, quoting *State v. Dennis*, 79 Ohio St.3d 421, 430 (1997), *accord State v. Montgomery*, 2016-Ohio-5487, ¶ 74.

**Governing Law**

{¶17} Crabtree was convicted of Aggravated Possession of Drugs (methamphetamine) under R.C. 2925.11(A) and (C)(1)(a), which provide in relevant part:

(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

(C)(1)(a) If the drug involved is a compound, mixture, preparation, or substance included in Schedule I or II, the offender is guilty of aggravated possession of drugs, a felony of the fifth degree.

**"Knowingly"**

{¶18} Under R.C. 2901.22(B), a person acts knowingly when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. Knowledge may be inferred from the surrounding facts and circumstances, including the

act itself. *State v. Johnson*, 56 Ohio St.2d 35, 38 (1978), citing *State v. Huffman*, 131 Ohio St. 27 (1936); *see also State v. Rojas*, 64 Ohio St.3d 131, 139 (1992).

**"Possession"**

{¶19} "Possession" is defined as having control over a thing or substance, though it cannot be inferred solely from access to the premises where the item is found. R.C. 2925.01(K). Possession may be actual or constructive. *State v. Butler*, 42 Ohio St.3d 174, 176 (1989); *State v. Hankerson*, 70 Ohio St.2d 87 (1982), syllabus. Constructive possession exists where the defendant has the ability to exercise dominion or control over the contraband, even if it is not in his immediate physical possession. *State v. Wolery*, 46 Ohio St.2d 316, 332 (1976). Dominion and control may be established through circumstantial evidence, including proximity to the contraband. *State v. Trembly*, 137 Ohio App.3d 134 (8th Dist. 2000); *State v. Morales*, 2005-Ohio-4714, ¶ 50 (5th Dist.).

**Circumstantial Evidence**

{¶20} Circumstantial and direct evidence inherently possess the same probative value. *Jenks*, 61 Ohio St.3d at 272. It is not necessary that circumstantial evidence be irreconcilable with every reasonable theory of innocence to support a conviction. *Id.* All that is required is that the evidence, whether direct or circumstantial, convince the trier of fact of the defendant's guilt beyond a reasonable doubt.

**Analysis – Sufficiency of the Evidence**

{¶21} Applying these principles, Crabtree's sufficiency challenge fails.

{¶22} The record demonstrates that Officer Delgado observed that, while Crabtree was removing items from his pants pocket, an item fell to the ground, which was

identified as a bag of methamphetamine. *State's Exhibit B at 00:11:31-00:11:36*. Delgado can be heard on the body-camera recording stating, "You just dropped a bag of meth right there." *Id. at 00:11:36.* The video further depicts Delgado retrieving the bag and showing it to Crabtree. After receiving his *Miranda* warnings, Crabtree admitted that he had purchased the drugs from Cressy Robbins. *Id. at 00:18:30-00:19:10.*

{¶23} This direct evidence, corroborated by forensic testing confirming that the bag contained 1.08 grams of methamphetamine, was sufficient for the jury to find that Crabtree knowingly possessed a controlled substance in violation of R.C. 2925.11(A).

{¶24} Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find all elements of the offense proven beyond a reasonable doubt. Accordingly, the State met its burden of production, and Crabtree's conviction is supported by legally sufficient evidence.

**Standard of Review – Manifest Weight of the Evidence**

{¶25} A manifest-weight challenge concerns the persuasive value of the evidence rather than its legal sufficiency. *Eastley v. Volkman*, 2012-Ohio-2179, ¶ 19. The inquiry focuses on "the inclination of the greater amount of credible evidence to support one side of the issue rather than the other." *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997), *superseded by constitutional amendment on other grounds as stated in Smith, 80 Ohio St.3d at 102 n.4.*

{¶26} In conducting this review, the appellate court examines the entire record, weighs the evidence and all reasonable inferences, considers witness credibility, and determines whether the jury clearly lost its way, creating a manifest miscarriage of justice. *Thompkins*, at 387; *State v. Jordan*, 2023-Ohio-3800, ¶ 17.

{¶27} This review is necessarily deferential to the jury, which is in the best position to observe the witnesses' demeanor, tone, and manner of testifying. *Eastley*, ¶ 21; *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). A conviction will be reversed on manifest-weight grounds only in the exceptional case where the evidence weighs heavily against the conviction. *Thompkins*, at 387. Moreover, Article IV, Section 3(B)(3) of the Ohio Constitution requires that all three judges on the appellate panel concur in such a reversal.

**Analysis – Manifest Weight of the Evidence**

{¶28} Crabtree contends that inconsistencies existed regarding where the methamphetamine was found, *i.e.,* Officer Pierce testifying that Officer Delgado told him that he found the drugs "on [sic] Ms. Thacher's pocket" and Officer Delgado testifying that he saw them drop from Crabtree's hand as Crabtree emptied his pockets.

{¶29} The jury, however, was entitled to resolve those discrepancies and evidently found the body camera video resolved the apparent inconsistency in the testimony. The law is well settled that the trier of fact may believe all, part, or none of a witness's testimony. *State v. Petty*, 2017-Ohio-1062, ¶ 63 (10th Dist.), quoting *State v. Mullins*, 2016-Ohio-8347, ¶ 39 (10th Dist.); *see also State v. Davis*, 2024-Ohio-1504, ¶ 60 (5th Dist.).

{¶30} Minor inconsistencies in testimony do not render a conviction against the manifest weight of the evidence. *State v. Craig*, 2000 Ohio App.LEXIS 1138, *10 (10th Dist. Mar. 23, 2000). When there exist two reasonable interpretations of the evidence, neither of which is implausible, an appellate court will not substitute its judgment for that of the factfinder. *State v. Dyke*, 2002-Ohio-1152, ¶ 13 (7th Dist.); *State v. Snider*, 2012-Ohio-2183, ¶ 24 (5th Dist.).

{¶31} Having independently reviewed the record, weighed the evidence, and considered the credibility of the witnesses as a "thirteenth juror," we find no indication that the jury lost its way or created a manifest miscarriage of justice.

**Conclusion**

{¶32} The evidence presented at trial was both legally sufficient and persuasively credible to support Crabtree's conviction for Aggravated Possession of Drugs (methamphetamine) under R.C. 2925.11(A) and (C)(1)(a). Accordingly, the sole assignment of error is overruled.

For the reasons stated in our Opinion, the judgment of the Fairfield County Court of Common Pleas is affirmed.

Costs to Appellant, Christopher Crabtree.

By: Popham, J.

Baldwin, P.J. and

Hoffman J., concur